PETER DOBBIN v. MICHIGAN CENTRAL R. R. Co.

*Carriers—Delivery on authority of consignee.*

The consignor of goods by rail cannot sue the carrier for them if the latter
delivers them to the wrong person on written authority to do so from
the consignee, even though the consignee states that he has no claim
on the goods; a fortiori he cannot if he himself has assented to such
delivery.

Error to Kalamazoo. (Mills, J.)   April 16.—April 29.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*Wm. A. Luby* for appellant.   A carrier must take the
utmost care of goods from the moment he receives them:
*Streeter v. Horlock* 1 Bing. 34; and it is as much his duty
to deliver them to the right person, as it is to carry them to
the right place: Selw. N. P., "Carriers" 323; *Streeter v.
Horlock* 7 Moore 283: 1 Bing. 34; *Hyde v. Trent and
Mersey Nav. Co.* 5 Term 389; *Forward v. Pittard* 1
Term 27; *Ellis v. Turner* 8 Term 531; *Davis v. Garrett*
6 Bing. 716; *Powell v. Myers* 26 Wend. 591; if the con-
signee cannot be found, is dead, absent, or *refuses to receive*
the goods, the carrier must keep them safe for the consignor:
*Eagle v. White* 6 Whart. 505; *Kremer v. Southern Exp.
Co.* 6 Coldw. 356; *Adams Exp. Co. v. Cressap* 6 Bush 572;
wrongful delivery is a misfeasance and conversion: *Stephen-
son v. Hart* 4 Bing. 476; *Duff v. Budd* 3 B. & B. 177;
*Powell v. Myers* 26 Wend. 591; delivery to an agent must
be to an agent *duly authorized* to receive them: *Ostrander
v. Brown* 15 Johns. 39; *D'Anjou v. Ball* 3 H. & John. R.
206; *Lewis v. Western Railroad Co.* 11 Met. 509; *Blan-
chard v. Isaacs* 3 Barb. 389.

*Edwards & Stewart* and *Ashley Pond* for appellee.

CHAMPLIN, J.   On June 25 and 26, 1884, plaintiff con-
signed to William Ritchie, of Kalamazoo, Michigan, three
car loads of bricks from Williams station on the line of de-
fendant's road.   Ritchie was notified of the consignment,
and refused to take the bricks, whereupon the agent at the
shipping station was informed thereof, and requested to fur-

nish instruction for the disposition of the bricks as soon as possible. The agent indorsed on the letter as follows: "Mr. Dobbin, please give information on the above to me,"—and forwarded it to Mr. Dobbin. The next day, after he had received this letter, Mr. Dobbin came to Kalamazoo, and went to the railroad freight office and saw Mr. Fulford, the defendant's agent, who told him that he had an order from Mr. Ritchie to let Mr. Doyle have the bricks, and plaintiff told him that was all right. The order was not shown to him at this time. It was as follows:

"KALAMAZOO, July 2, 1884.

"*M. C. R. R.:* I have no claim on them brick you have at the station from Williams crossing. You can let Mr. Doyle have them.                    W. RITCHIE."

On receiving this order defendant turned the bricks over to Mr. Doyle. Later, plaintiff demanded pay for these bricks of the consignee. He refused to pay, and thereupon plaintiff brought this suit to recover the value of the bricks from the defendant, for delivering them to the wrong person.

The circuit judge charged the jury that upon the foregoing facts, as matter of law, the company performed its duty upon the delivery of the bricks to Doyle upon the order of Ritchie, and that the plaintiff was not entitled to recover. The plaintiff insists that this charge is erroneous; that the order did not justify the delivery of the bricks to Doyle, because on its face it repudiated all claim to them. But the order on its face was sufficient authority for the company to deliver the bricks to Doyle. The statement that he had no claim upon them was not a refusal to receive them, and the direction to let Doyle have them was a sufficient acceptance of them by the consignee to justify the delivery to Doyle. But, further than that, the plaintiff ratified the act upon being informed of the facts, and cannot now recede and claim a wrong delivery.

There is no error in the record and the judgment is affirmed.

The other Justices concurred.