## FINCK CIGAR FACTORY v. AMERICAN RY. EXPRESS CO.   (No. 8679.)

(Court of Civil Appeals of Texas. Galveston. Oct. 20, 1925. Rehearing Denied Nov. 19, 1925. Second Rehearing Denied April 8, 1926.)

Carriers ⬤≈88—Carrier's tender of goods to consignee held delivery as matter of law, where he did not refuse to accept goods or deny that he was consignee.

Carrier's tender of goods to consignee amounted in law to such delivery as to comply with its contract of carriage and to relieve it of further liability, where consignee did not refuse to accept goods or deny that he was consignee; it being immaterial that he did not accept manual delivery of them, but asked that they be delivered to another.

Appeal from Harris County Court at Law; Roy F. Campbell, Judge.

Action by the Finck Cigar Factory against the American Railway Express Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Cole, Cole & O'Connor, of Houston, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for appellee.

GRAVES, J. The trial court's judgment in this cause was affirmed without written opinion, but, in deference to the courteous earnestness and the ability with which appellant's counsel has urged his views upon the court, this statement of the ground upon which the affirmance was rested is made:

The court's conclusion was that the undisputed facts surrounding the action of the appellee in taking and tendering the goods to Mike Haney amounted in law to such a delivery of them to him as to comply with its contract of carriage and to relieve it of further responsibility. By the uncontroverted proof, indeed, as a premise of the case declared upon by the appellant itself, Mike Haney was the consignee; hence a delivery to him completed the contract of carriage. Appellant assumed that, under the evidence, Mike Haney refused the delivery when the goods were tendered to him, thereby in effect denying that he was the consignee, and directing that they be taken to his brother, Jim Haney; but such in our opinion is not the purport of the testimony. The only evidence in this particular is the testimony of the appellee's wagon driver as follows:

"On August 22, 1921, or thereabouts, I did handle for delivery a package of cigars consigned by Finck Cigar Factory to Mike Haney. I actually took said package of cigars to Mike Haney and offered to deliver them to him. Mike Haney did not accept delivery of the cigars; he asked me to deliver them to Jim Haney, his brother, who lived next door, as the cigars belonged to him (Jim). I found Mike Haney engaged in the dry goods business at the time I called on him. The street number of his place of business, where I found him at that time was about 524 Houston avenue, Port Arthur, Tex., as near as I can remember. I found Jim Haney at his place of business; he was engaged in running a fruit and cigar stand. The package of cigars in question was sent open delivery. I actually made the delivery of the package of cigars mentioned above. The goods which are the subject of this controversy were never in the possession of Mike Haney. I carried the goods myself to Jim Haney, and know that he actually received them. I carried these goods on the express wagon and not by hand. This package was addressed to Mike Haney. I delivered the goods to Jim Haney. Mike Haney let me bring the package into his place of business, but told me that it did not belong to him and to take it to his brother, Jim, to whom it did belong."

It will be noted that the witness does not say that Mike Haney either refused to accept

the goods or denied that he was the consignee, but only that he did not accept the delivery thereof. Evidently the driver meant that Mike Haney did not accept manual delivery of the goods from him, because he goes on particularly to say that he in person made the actual delivery of them to Jim Haney.

Had Mike Haney denied that he was in fact the consignee and affirmatively refused to accept delivery to himself as such, it may be that appellant's position would be correct, but the mere fact that he *did not* accept manual delivery of them to himself and asked that they be delivered to Jim Haney, would not amount to such refusal; on the contrary, we think the circumstances of the tender and his action in relation to it constituted a sufficient acceptance of them by and delivery of them to one who was undisputedly the consignee thereof under the written contract of carriage. This situation makes the case not dissimilar in principle to that of Dobbin v. Railway Co. (1885) 23 N. W. 204, 56 Mich. 522.

While the matter is not free from doubt, especially in the mind of this member of the court, the view thus taken required the affirmance entered.