PHELPS & JOHNSON V. J. C. ZUSCHLAG AND OTHERS.

1. No statement of facts being in the transcript, this court presumes that the issues submitted to the jury by the court below were legitimate issues under the facts, and that the verdict thereupon was correct and fully authorized by the evidence.

2. The common law rule that imprisonment under due process of law, and for probable cause, is not such duress as invalidates a contract made by a party while under arrest, has been materially modified by judicial decisions as well as elementary writers; and the better and more reasonable rule appears to be that, when an arrest for probable cause is made under lawful authority, but for an improper purpose, and the person arrested pays money or enters into any contract in order to procure his enlargement, such arrest will be considered duress of imprisonment, and the party arrested may recover back the money paid, or avoid any contract made for the purpose of obtaining his liberty.

3. The plaintiffs sued upon certain notes; the jury found that the notes were extorted from the plaintiff by duress of imprisonment, but found further that the defendant was indebted to the plaintiffs to the amount specified in the notes. *Held*, that it was error for the court, in rendering its judgment, to cancel the notes, and yet give judgment for the plaintiffs for their amount. Their action being brought upon the notes, they must recover on them or not at all.

4. In the present case this court affirms the judgment of the district court,

in so far as it canceled a deed to a town lot, executed by the defendant to the plaintiffs, while imprisoned at the instance of the latter on a charge of embezzlement, which was founded on probable cause, but which was preferred and prosecuted by the plaintiffs for the purpose of enforcing from the defendant a general settlement or payment of the amount alleged by them to have been embezzled by the defendant, who executed the deed through fear of the criminal prosecution.

CROSS-APPEALS from Travis. Tried below before the Hon. J. J. Thornton.

This action was brought by Phelps & Johnson against Zuschlag, in November, 1858, on five promissory notes, executed November 13, 1858, and aggregating $1202 25. The pleadings subsequent to the petition were numerous, voluminous and replete with repetition.

Zuschlag answered, in substance, that the notes were founded on no consideration, and were procured by duress of imprisonment, the imprisonment being unlawful, malicious and without cause. He answered further that under the same duress he had also executed a deed to the plaintiffs for half of lot number three, in block ninety-seven, in the city of Austin; and stated that since making such deed he had, by another deed, conveyed the same lot to Hancock & West and Hamilton & Sublett, who, he prayed, might be made parties to the suit. They accordingly came in as intervenors, adopted the defendant's answers, and prayed that his deed to the plaintiffs be set aside.

The plaintiffs objected to this intervention, but without avail.

The above must suffice to give a general idea of the character of the case and of the issues. There being no statement of facts the evidence cannot be presented; nor, indeed, is it material that it should be, in view of the rulings of the court. The fact, however, is disclosed by the pleadings that Zuschlag had been the clerk of Phelps & Johnson, who were merchants, and who charged him. with embezzling from them to the amount of $2750, or thereabouts.

Between the pleadings and the late war the cause, though insti-
tuted in 1858, only came to trial at the September term, 1868,
when the plaintiffs recovered judgment against Zuschlag for about
$2500, and the intervenors judgment against the plaintiffs for the
town lot.

The intervenors were the only parties contented with this con-
clusion. The plaintiffs and the defendant appealed.

The issues submitted by the court below to the jury, and the
findings of the jury thereupon, taken in connection with the fore-
going explanatory remarks, will present all other material facts
disclosed in the record. Interposing each finding after its appro-
priate issue, they were as follows :

1. "Had the plaintiffs, Phelps & Johnson, on the thirteenth day
of November, 1858, probable cause to believe that the defendant,
Zuschlag, had taken goods and money from their store unlawfully,
with intent to steal and embezzle the same ?

"Yes.

2. "Was the defendant, Zuschlag, arrested under a charge of
having stolen or embezzleed the goods or property of the plaintiffs,
about the thirteenth day of November, 1858, and if so, at whose
instance was such arrest made ?

"Yes. He was arrested at the instance of Wesley Johnson.

3. "Was the arrest of Zuschlag made for the vindication of
public justice ?

"No, it was not.

4. "Was the arrest of Zuschlag procured for the purpose of ex-
torting from him a general settlement or payment of the private
claim of Phelps & Johnson against him ?

"Yes, it was.

5. "Was Zuschlag induced to sign the deed and notes to Phelps
& Johnson, believing that if he did not do so, he was in danger
of personal violence from the plaintiffs or other persons at the time
he signed the same ?

"No, he was not.

6. " Was the deed and notes of Zuschlag to Phelps & Johnson signed while under arrest on a charge of stealing or embezzling the goods or money of the plaintiffs ?

" They were.

7. " Was the written acknowledgment of Zuschlag, of the amount due by him to Phelps & Johnson, made before, during or after his arrest?

" During his arrest.

8. " Did Zuschlag sign the deed and notes as a settlement with plaintiffs for the goods and property received and used by him, belonging to them, they mutually agreeing at the time, that the amount therein specified was the amount then due the plaintiffs by Zuschlag ?

" Defendant signed the deed and notes as a settlement with the plaintiffs. We do not believe that there was a mutuality in the agreement as to the indebtedness.

9. " Were the notes and deed from Zuschlag to plaintiffs mentioned in the pleadings executed for a valuable consideration ? If so, what was that consideration ?

" We have no proof of any valuable consideration passing from the plaintiffs to the defendant.

10. "Did Zuschlag, the defendant, voluntarily sign and deliver the deed and notes mentioned in the pleadings, or were they obtained through the influence produced on his mind by the threats of personal violence to him, or by the abuse of him by the plaintiffs ?

" No, he did not sign the deed and notes voluntarily, but through fear of criminal prosecution.

11. " Has the defendant, Zuschlag, been injured or damaged by the plaintiffs, by maliciously prosecuting him and procuring his indictment and trial for embezzling the property of plaintiffs, without any probable cause for such charge? And if so, to what amount has he been damaged ?

" No, he has not.

12. "If you find as an answer to the last issue, or question, that the defendant, Zuschlag, has been damaged by his malicious prosecution by the plaintiffs, without probable cause on their part, then state when that damage occurred.

"The answer to the 11th interrogatory answers to the above.

13. "What is the value of the property, if any, belonging to the defendant, Zuschlag, taken by the plaintiffs from him, and for which they have not accounted to him?

"We believe, the plaintiffs have accounted for the value of all defendant's property taken by them, except the value of the books, which are estimated as worth fifty cents per volume; which would give $88 addition in favor of defendant.

14. "What amount, if any, is now due from the defendant, Zuschlag, to the plaintiffs?

"We find by the evidence before us that the defendant is indebted to the plaintiffs for the sum of the notes less the credit on account stated, $42 08; balance on books $88; which notes, we believe, were obtained through fear of criminal prosecution.

15. "What amount, if any, is now due and owing from the plaintiffs to the defendant, Zuschlag?

"Nothing.

"C. L. FREEMAN, Foreman."

The briefs filed in the case are worthy of the distinguished counsel who represented the respective parties; but space cannot be afforded for a fair presentation of them.

*Chandler & Turner*, for Phelps & Johnson.—Defendant has placed his defence of duress upon duress of imprisonment. The answer to the first and second special issues disposes of this defense, because plaintiffs show the arrest to have been upon probable cause. There is no conflict in the authorities about this, and our court has settled the question in Spaulding v. Crawford, 27 Texas, 155.

This is only following the law as laid down by all elementary authors upon this subject. (Parscns on Contracts, vol. 1, 393, 394, 395; Metcalf on Contracts, vol. 1, 23; Taylor v. Cottrell, 16 Illinois, 93; McClintock v. Camugs, 3 McLean, 158; Crowell v. Gleason, 10 Maine, 329; Green v. Scranage, 19 Iowa, 466; 2 Greenleaf on Evidence, § 303; Balis v. Butler, 46 Maine, 387; Maly v. Greenough, 5 Foster, Maine, 325.).

We might confidently dismiss the whole consideration of the question of duress here, as the defendant has not pleaded that whilst under lawful duress he was subject to unlawful force, constraint or severity. He saw fit to place his entire defense upon the plea of unlawful and malicious imprisonment, and whilst so unlawfully imprisoned he executed the notes sued upon, as well as the deed to the half lot; and he must abide the result of his own selection.

But had the pleadings been full and ample then we say he has signally failed in his proof. The question was not even mooted, no issue was submitted asking if, whilst under arrest, unlawful force, restraint, etc., were imposed. And the jury more than once declared that Zuschlag was not in fear of personal violence at the time. Then the plea of duress *per minas* could not have been sustained, had the same circumstances surrounded defendant at the time, without any arrest at all.

In short, there is nothing shown but a lawful arrest; the law raises no presumption from this fact, that undue influence, terror or restraint is imposed, so as to render the voluntary act of the defendant voidable or void, as will be seen by reference to the authorities in the case.

The third and fourth special issues become nugatory by the answers given to the first and second, because the law will not suffer a party who moves in the manner pointed out by law to bring offenders to justice, and against whom no unlawful act toward the party prosecuted can be shown, to be charged with an im-

proper motive to his detriment, so long as he pursues a proper course. Had the jury found the arrest to have been without pro-bable cause, then the motive which actuated would have been pertinent to the inquiry, as it would be one thing if no probable cause existed, yet the party prosecuting honestly believed there was, and quite another if there was no probable cause, and the proceedings were instituted maliciously to extort money or other things. But, in the absence of malice, and in the absence of any proof of unlawful violence whilst under arrest, and when the party, as the jury say, was in no fear of personal violence, it would be monstrous to say that after all there was a secret motive on the part of the prosecutor to procure indemnity for injury, and, therefore, all that was done is voidable. The law asks, only, did the prosecutor act lawfully; if so, will the law suffer injury to that party from influence? (See Taylor v. Cottrell, 16 Ill., 93, 94; Waterman v. Barrett, 4 Harring., 311; Crowell v. Gleason, 10 Maine 329.)

*Hancock & West*, for Zuschlag, reviewed the record with much force and perspicuity, concluding as follows: Can there be any doubt but that such notes should be canceled, and such a deed set aside?

On this point we refer to the brief and authorities cited by our able associate, as conclusive on this species of duress.

If any further authority is needed, the court will find the whole subject ably and clearly discussed, and all the authorities grouped, on this point in Story on Contracts, vol. 1, Ch. 15, § 394. (See also McGowen, v. Bush, 17 Texas, 195.)

The case of Spaulding v. Crawford, 27 Texas, cited by appellants is not to the point. In that case there was no verdict as there is in this case—that the note and deed were without consideration, and that the arrest was not made in vindication of public justice, but that the process of the law was used to extort a settlement of plaintiff's demand in his own way.

It follows then, inevitably, that the notes being found to be without consideration, and made under duress, as defined by Story as above cited; that the judgment of the court against Zuschlag for $2,429 15, based on the finding of the jury on the fourteenth issue, must fall to the ground. The notes alone were sued on; no other cause of action was set up, and hence the court had no pleadings on which to base this judgment; and, therefore, when the notes were cancelled, there should have been a judgment for Zuschlag for cost, for there was no other judgment asked by Phelps & Johnson, but one on the notes.

The whole case being fully before the court on the special finding, we submit that the judgment as to Zuschlag should be reversed, and a judgment rendered for him dismissing the case at the costs of Phelps & Johnson, and affirming the case as to the intervenors.

In this way, unquestionably, the law will be correctly administered between the parties.

*Moore & Shelley* for the intervenors.—The intervenors were certainly interested in a portion of the subject matter brought into litigation by the petition and by the answer of the defendant Zuschlag, and were therefore entitled to make themselves parties to protect their interest, if they thought fit to do so. The case of Burdett v. Glasscock, 25 Texas Sup., 48, cited by appellants, is not in point. But if otherwise, as appellants admit that their being parties should not change the result, it is a matter of no importance, and involves merely the cost of filing the petition of intervention.

The jury have found that the defendant was arrested at the instance of appellants for the purpose of extorting a settlement of their claim against defendant, and not for the purpose of vindicating public justice; and while the defendant was under such arrest, the deed in question was executed without consideration, through fear of the prosecution. The arrest not having been

made *bona fide*, but for the unlawful purpose of enabling appellants to coerce a settlement with the defendant, there was duress of imprisonment when the deed was executed. This is clearly deducible from all the authorities cited by appellants, to which we have had access. (See Taylor v. Cottrell, 16 Illinois, 93; Crowell v. Gleason, 12 Maine, 329; Neally v. Greanough, 5 Foster, N. H., 325; McClintock v. Cummings, 3 McLean, 158.)

And, says the Supreme Court of New Hampshire: "But it is now well settled that when there is an arrest for an improper purpose, without just cause; or when there is an arrest for just cause, without lawful authority; or when there is an arrest for a just cause, and under lawful authority for unlawful purposes, it may be construed a duress." (Richardson v. Duncan, 3 New Hamp., 508. See, also, Worcester v. Eaton, 11 Mass., 368, and same case 13 Mass., 371; 2 Greenleaf's Ev., §§ 301, 302.)

OGDEN, J.—The appellants instituted suit in the court below against the appellee, on five several promissory notes, and for the recovery of one-half of lot three, in block ninety-seven, in the city of Austin. Hancock & West and Sublett & Hamilton intervened, claiming the half lot by deed from Zuschlag.

Judgment was rendered in the court below against Zuschlag, and in favor of Phelps & Johnson, for $2429 15, and against Phelps & Johnson and in favor of the intervenors, for the half lot of land; and from which judgment both Zuschlag and Phelps & Johnson have appealed.

The first question presented for decision is raised in defendant's, Zuschlag's, answer, setting up the fact that the notes sued on, and the deed from Zuschlag to Phelps & Johnson were all obtained through duress and threats, and therefore void. There is no statement of facts accompanying the transcript. We are, therefore, left to presume that the issues presented to the jury by the court

were legitimate issues under the facts, and that the finding of the jury in response to those issues was correct, and fully authorized by the facts proven. The jury found that Zuschlag was arrested at the instance of Johnson, one of the plaintiffs, not for the vindication of public justice, but for the purpose of extorting from him a general settlement or payment of the private claim of Phelps & Johnson; that the notes and deed were signed by Zuschlag while under arrest, and that he did not sign them voluntarily, but through fear of criminal prosecution, and that there was no proof of any valuable consideration, passing from the plaintiffs to the defendant for the execution of said notes and deed.

Justice Story defines a contract to be "a deliberate or voluntary engagement between competent parties, upon a legal consideration, to do or not to do some act." Tried by this rule, we are forced to the conclusion that the pretended contract or contracts are wanting in at least two important and necessary particulars— they were involuntary, and without any consideration.

Again, the rule requires that all parties to a contract must be competent to contract, and able to bind themselves under the contract. The appellant claims that when he signed the notes and deed sued on, he was under duress of imprisonment; that he was forced by threats, and through fear, to sign the notes and deed against his will and volition; and that, therefore, he should not be held bound by those acts. The common law rule that imprisonment under due process of law, and for probable cause, is not such duress as would invalidate a contract by the party, while under arrest, has been materially modified by elementary writers and judicial decisions, and the better and more reasonable rule is believed to have been adopted, by authority, that where an arrest for probable cause is made under lawful authority, but for an improper purpose, and the person arrested pays money, or enters into any contract, the object of which is to procure his enlargement, such an arrest will be considered duress of imprisonment,

and the party arrested may recover back the money so paid, or avoid any contract made for the purpose of procuring his liberty. (Story on Contracts, 394; Richardson v. Duncan, 3 New Hampshire, 508.) In the case of McGowen v. Bush, 17 Texas, 201, Justice Lipscomb seems disposed to modify the common law rule in regard to duress still further, and there holds that duress by force, whether of the loss of property or personal safety, might be sufficient to avoid a contract, when made under such fear. In the case at bar, the jury found that Zuschlag, while under an arrest procured by Johnson for the purpose of extorting a private settlement, was induced through fear of criminal prosecution, to execute the deed and notes sued on, and we feel fully authorized in pronouncing the arrest, so far as Johnson was concerned, wholly unauthorized, as no man in this country has any right to procure the arrest and imprisonment of another, for the purpose of effecting private or selfish ends; and therefore any contract, or note, or deed, which Johnson might have extorted from Zuschlag during such arrest, through fear of criminal prosecution, must be held as wholly void, and conveying no rights or interest whatever; nor can such notes or deeds be evidence of any indebtedness or obligation.

There appears to be some contradiction in the verdict of the jury, as they find no valuable consideration for the execution of the notes, and yet they find *by the evidence*, that the defendant is indebted to the plaintiffs for the amount of the notes less the credits. It would be impossible to reconcile the two findings, excepting upon the hypothesis that in their last finding the jury considered the notes evidence of an indebtedness. Be this as it may, the plaintiffs below sued upon the notes and must recover upon the notes, if they recover at all; and as we have decided that the notes were void, the judgment of the court below in favor of plaintiffs and against Zuschlag must be held erroneous and subject to a revision. But as the deed to Phelps & Johnson was made under

duress, and therefore void, and as the intervenors have proven a *bona fide* transfer from Zuschlag to them, of the land in dispute, undisputed by their grantor, the title in them must be regarded as perfect. And therefore, there was no error in the lower court in regard to the title to the half lot of land claimed by appellants and intervenors. It is therefore ordered by this court that the judgment rendered in the lower court against Zuschlag and in favor of appellants, for the sum of $2,429 15, be reversed and the cause dismissed as to Zuschlag; and that the judgment of the court rendered in favor of the intervenors, Hancock & West and Sublett & Hamilton, be affirmed.

Ordered accordingly.