## W. E. BRIDGE v. MOLLIE CARTER, GUARDIAN.

Decided November 25, 1903.

**1.—Judgment—Evidence.**

Evidence considered, and held sufficient to support a judgment on promissory notes.

**2.—Foreclosure of Lien—Jurisdiction of District Court.**

The district court has jurisdiction over a suit to foreclose a vendor's lien on land, irrespective of the amount involved, and may render judgment against the lien, but for the debt, though it be less than the jurisdictional amount.

**3.—Evidence—Transaction with Decedent.**

The trial court did not err in refusing to admit the testimony of the defendant as to his transactions with the deceased mother of the plaintiff in her life time.

Appeal from the District Court of Colorado. Tried below before the Hon. M. Kennon.

*Adkins & Green,* for appellant.

*Foard, Thompson & Townsend,* for appellee.

GARRETT, CHIEF JUSTICE.—Mollie Carter, as guardian of the estate of Earl Carter, a minor, brought this suit against W. E. Bridge to recover upon two promissory notes for the sum of $250, each bearing interest at the rate of 8 per cent per annum, and providing for 10 per cent attorney fees. The plaintiff alleged that the notes were secured by a vendor's lien upon certain land which was fully described in the petition. Payments amounting to $224.32 were pleaded by the defendant. The cause was tried by the court without a jury and resulted in a judgment in favor of the plaintiff against the defendant for the sum of $429.45.

The evidence did not show a vendor's lien and none was allowed or foreclosed. All of the defendant's credits except two, one for $20 and the other for $10, were allowed by the court. In her petition plaintiff allowed no credits. The facts support the judgment.

It is contended here that the court below upon the facts that were developed in the evidence should have rendered judgment dismissing the cause for the want of jurisdiction. Upon the authority of Ablowich v. Bank, 95 Texas, 429, the trial court was correct in retaining jurisdiction, and rendering judgment for the amount due on the notes after the evidence failed to show a lien. There was no plea by the defendant that the averments either as to the lien or the amount due on the notes were fraudulently made for the purpose of conferring jurisdiction.

By the third assignment of error the defendant complains of the rejection of his testimony to show the payment of the sums of $20 and $10. He was not a competent witness against the minor plaintiff as to transactions with the deceased Susie Carter, who was the mother of the plaintiff Earl Carter, and whose heir the minor was, and was not called by the plaintiff to testify to any transaction with the deceased, and there was therefore no error in excluding his testimony to show the payments. There was no error in the judgment and it will be affirmed.

*Affirmed.*

Writ of error refused.