## HULL v. GUARANTY STATE BANK OF CARTHAGE. (No. 3003.)*

(Court of Civil Appeals of Texas. Texarkana. Feb. 27, 1925. Rehearing Denied March 12, 1925.)

1. Banks and banking ⚙≈118—Directed verdict proper where payee failed to prove board of directors' knowledge of bank president's execution of note.

Where payee of note failed to discharge his burden of proof that board of directors had knowledge that bank's president executed note for it, trial court, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 378, correctly concluded that plaintiff could not recover.

2. Bills and notes ⚙≈229—Failure to render judgment denying recovery of note against bank held erroneous.

Where payee in action on note did not meet his burden of proving consent of board of directors of bank to president's execution of note, judgment permitting recovery for merchandise sold to maker, of which bank received benefit, was erroneous, whatever plaintiff's rights would have been had suit not been on note.

Appeal from District Court, Panola County; Chas. L. Brockfield, Judge.

Action by E. A. Hull against the Guaranty State Bank of Carthage, Tex. Judgment for plaintiff in amount less than prayed for, and both parties appeal. Reversed and rendered.

⚙≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 29, 1925.

The suit was by Hull to recover of the bank the amount of a promissory note as follows:

"$14,125.83. No. ——.

"Carthage, Tex., March 18, 1912.

"Twelve months after date for value received I promise to pay to E. A. Hull or bearer the sum of fourteen thousand & one hundred & twenty-five & 85/100 dollars. Payable at Carthage, Texas, with 10% interest per annum from date until paid.

"And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on the same, then an additional amount of ten per cent. on the principal and interest of this note shall be added to the same as collection fees.

"Due March 18, 1913. R. E. Trabue."

In his petition Hull alleged, and at the trial testified, that Trabue was president of the bank at the time he (Trabue) executed the note; that the note·was for indebtedness of the bank to him (Hull); and that it was intended to be and to operate as the obligation of the bank. Hull further alleged as follows:

"That by an error and oversight and through mutual mistake of the plaintiff and of the said Trabue the note was not signed by the defendant herein acting by the said Trabue as it should have been, but the said Trabue signed it alone, although it was in truth and in fact the obligation of the bank and not of Trabue, and should have been signed by the bank acting by its president, Trabue, instead of Trabue individually."

The answer of the bank, which was duly sworn to, included a plea denying that it executed the note or authorized Trabue to act for it in executing it, and charging that the note was without a consideration so far as the bank was concerned.

In his petition Hull alleged, further, and as a witness testified, that the consideration for the note was cotton sold by him to Trabue, acting for the bank, in 1909, 1910, and at the time the note was executed.

The trial court instructed the jury that Trabue was without authority to act for the bank in executing the note, but that the bank was nevertheless liable to Hull for $834.15 and interest thereon from March 18, 1912, as the part unpaid of the purchase price of cotton he sold Trabue at the time the note was executed, because it appeared, the court concluded, that the bank had used that cotton for its own benefit. The jury having returned a verdict in Hull's favor for said sum of $834.15 and interest, in conformity to instructions given them, judgment was rendered in Hull's favor for said sum and interest, aggregating $1,452.98. An appeal was prosecuted by each of the parties to the judgment.

Terrell, Davis, Huff & McMillan, of San Antonio, and Claude Pollard, of Houston, for appellant.

Long & Strong, Woolworth & Duran, and B. W. Baker, all of Carthage, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] In the view we take of the case it is not necessary to determine whether Hull's contention that the testimony warranted a finding that Trabue assumed to act for the bank in executing the note, and a finding that the bank was the beneficiary in the transactions constituting the consideration of the note, is tenable or not, for we think if such findings were warranted the bank nevertheless was not liable on the note, because of the provision in article 378, Vernon's Statutes, that "no bills payable" should be made on behalf of such a bank "except with the consent of the board of directors." It was not pretended at the trial that the note in question was made with the consent of the appellee bank's board of directors, or that they knew anything about Trabue's intention to execute it, or that he had executed it, 'until long after the time he made it. The burden of proving such consent was on Hull (Joffre v. Mynatt [Tex. Civ. App.] 206 S. W. 951; Lott v. Bank [Tex. Civ. App.] 254 S. W. 1024); and, he having failed to discharge same, we think the trial court correctly concluded that he was not entitled to recover on the note (Rodgers v. Bank [Tex. Civ. App.] 184 S. W. 620; Bank v. Lyons, 220 Mo. 538, 119 S. W. 540; Gage v. Bank [Mo. App.] 196 S. W. 1077; 7 C. J. 588, 596). If he was not, then he was not entitled to recover anything of the bank, for his suit was on the note; and if he was not entitled to recover on it, he was not entitled to recover at all in this suit whatever may have been his right had the suit not been on the note. Phelps v. Zuschlag, 34 Tex. 371. It seems, therefore, that the trial court erred when he failed to render judgment denying Hull a recovery of anything against the bank, and erred further when he rendered judgment in Hull's favor as stated above.

Therefore the judgment will be reversed and judgment will be here rendered that Hull take nothing by his suit against the bank.