## NATIONS v. LINDLEY. (No. 6862.)*

(Court of Civil Appeals of Texas. May 13, 1925.)

1. Courts ⬸472(7) — Amount demanded in complaint, and not amount awarded by judgment, determines matter of court's jurisdiction.

Where plaintiff sued on alleged note for $250, but judgment was rendered for only $145, such fact did not make case one within exclusive jurisdiction of justice court, inasmuch as the amount demanded by plaintiff in complaint, and not the amount for which the judgment is rendered, determines matter of jurisdiction, except where sum is claimed fraudulently to confer jurisdiction.

On Motion for Rehearing.

2. Appeal and error ⬸996—Pleading ⬸34 (7)—Court may draw any legitimate conclusions that pleadings and evidence may support.

It is the right of court on appeal to draw any legitimate conclusions that the pleadings and evidence may support.

3. Courts ⬸122 — Pleadings held to resolve suit on alleged note into one for debt, and to support judgment on such.

Where plaintiff declared upon an alleged note for $250, and defendant entered a plea of non est factum to the note sued upon, and, by special answer, alleged he had executed a note for $145, but that the consideration therefor had failed, which pleas plaintiff in a supplemental petition generally denied, held, that such pleadings resolved the suit into one for debt and supported a judgment of county court rendered for plaintiff in the sum of $145.

Appeal from Brown County Court; R. E. Lee, Judge.

Action by T. A. Lindley against J. Nations. From a judgment for plaintiff, defendant appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass and J. B. Dibrell, Jr., all of Coleman, for appellant.

Parish & Crager and O. L. Parish, all of Ballinger, for appellee.

BLAIR, J. Appellee instituted this suit in the county court against appellant, declaring upon an alleged note for the sum of $250, of date December 7, 1915, and due on or before November 1, 1916.

Appellant answered formally and by a special plea of non est factum as to the note sued upon, and, by special answer, alleged that he did execute a note to appellant on the date alleged for the sum of $145, but that the consideration for it had failed. Appellee, by a supplemental petition, denied generally these allegations of appellant.

Upon the issues thus joined by the pleadings, the case was tried to the court without a jury, and the court found that the amount of the note executed by appellant to appellee on the date named was $145, and that the consideration for it had not failed, and accordingly entered judgment for the amount of the note, plus interest and attorney's fees, aggregating the total sum of $291.08. From this judgment appellant has perfected this appeal.

Five propositions of error, which resolve themselves into only two questions for our determination, are presented by the appellant. The first contention is that appellee's pleadings are insufficient to support the judgment rendered. The gist of the appellant's contention on this proposition is that the court, having found that the note executed and delivered by appellant to appellee, dated December 7, 1915, and due on or before November 1, 1916, was for the sum of $145, is tantamount to a finding that the note for $250 sued upon was never executed and delivered by appellant, and that it was a forgery, and that appellee did not sue upon a note for $145, nor ask for a recovery thereon in any of his pleadings, and therefore the judgment is void because it does not conform to the pleadings and the findings of fact. This proposition is not sustained.

There is no dispute between the parties as to the execution of a note. They are also agreed as to the transaction in settlement of which the note was executed. The only question in dispute was the amount of the note executed and whether its consideration had failed. Appellee could not produce the $250 note, stating that he delivered it to the attorney first employed to file this suit, who had since died. Appellee alleged that the note was for the sum of $250. Appellant answered, denying the existence of such a note, but admitting the execution of a note of the same date and in settlement of the same transaction, for $145, but alleged certain facts as a failure of consideration for the note. Appellee denied these facts and prayed "for the judgment of the court" and "that he have judgment for his said debt, interest, and attorney's fees, and for all costs in this behalf expended and for general relief." The effect of these pleadings was to present before the court the issue as to whether the amount due was $250 or $145, and whether the consideration for the debt had failed, and are sufficient pleadings to support the judgment rendered.

[1] It is urged in the second place that

─────────

the county court was without jurisdiction to render judgment on said note for $145, since said amount was within the exclusive original jurisdiction of the justice court. This proposition is also without merit. From what has been said in our disposition of appellant's first proposition, we think the suit is one for debt, and the only issue to determine was whether it was a debt for $250 as alleged by appellee, or for $145 as alleged by appellant. The law is so well settled that the plaintiff's demand as set out in his petition is the criterion by which to determine the question of jurisdiction that a discussion of the authorities is unnecessary. There is no allegation or plea of any character' by appellant that the sum claimed by appellee was fraudulently made to confer jurisdiction in this case. The question was raised for the first time on motion for a new trial. This court held in the case of Mansfield Mill & Elevator Co. v. Nichols, 265 S. W. 747, that:

"The allegations of the petition govern in determining the amount in controversy as affecting the jurisdiction of the court, except where the amount is fraudulently misstated for the purpose of conferring jurisdiction; and fraud upon the jurisdiction, where it does not appear upon the face of the pleadings, cannot be raised by exception. Little v. State, 75 Tex. 616, 12 S. W. 965; 5 Ency. Dig. Tex. Rep. p. 404 et seq.; 19 Ency. Dig. Tex. Rep. p. 513."

This rule is also supported by the following authorities: N. C. & St. L. Ry. Co. v. Bank, 100 Tex. 17, 93 S. W. 431; Bridge v. Carter, 33 Tex. Civ. App. 591, 77 S. W. 245; Hoffman v. Association, 85 Tex. 409, 22 S. W. 154. The following rule is also well settled in this state in the case of Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881, and by many other cases:

"When a suit has been filed in the district court for a sum exceeding $500, but upon the trial it is reduced to a sum below the jurisdiction of the court, it has been uniformly held that the jurisdiction of the court is determined by the amount which was claimed in the petition, and will not be lost by the fact that the amount is reduced upon the trial."

The judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant, in his motion for rehearing, attacks, as not supported by the record, our statement that he pleaded in his answer that a note for $145 was executed on the day appellee alleged the $250 note sued upon to have been executed. We should have stated that appellant, by his answer, alleged that he executed appellee a note for $145, and testified on the trial of the case that it was on or about the time appellee alleged that he executed him the $250 note sued upon. The matter, however, is wholly immaterial, since this was a mere statement of the pleadings,

and was not decisive of any point in the case.

[2, 3] Appellant also insists that the following statement in our opinion is not supported by the record:

"The only question in dispute was the amount of the note executed, and whether its consideration had failed."

This was our conclusion which we had reached as to the evidence and the pleadings in this case. It is the right of this court to draw any legitimate conclusions that the pleadings and the evidence may support. It is not disputed by appellant that he did allege that he executed appellee a note of $145. He also alleged in detail all the facts of the transaction for which the note was given in settlement. He then pleaded facts by way of a plea of failure of consideration. He also pleaded the failure of consideration in bar of appellee's right of recovery, and that he be permitted to "go hence without day with his costs, and for general and special relief." To this plea appellee filed a supplemental petition, which, in part, consisted of a general denial. Nowhere did appellee specially deny any fact alleged by appellant in his answer as to the transaction for which the note was executed in settlement. The effect of this general denial was that a note for $145 was not executed, but appellee still insisted that it was for $250. It also had the effect of denying a failure of consideration of either the note for $145 or $250, and that the transaction for which the note was given in settlement had not failed, as alleged by appellant in his answer, because the appellee had not performed his part thereof. The office of a general denial is to put in issue conclusions pleaded constituting the opposing party's cause of action or defense as the case may be. A special denial is to controvert some specific fact pleaded by opposing party. So, in this case, appellee's general denial had the effect of saying to appellant:

"You executed me a note for $250 and not for $145, and the consideration for the note executed has not failed because of the matters alleged by you."

Appellee's pleadings did not stop here, but continued, and prayed that in any event he wanted "the judgment of the court," and "that he have judgment for his said debt, interest, and attorney's fees, and costs in this behalf expended, and for general relief." What debt? The one appellant alleged had failed because appellee refused to perform his part of the transaction by which it was created. Upon these pleadings the trial court proceeded. Appellant offered testimony that the note he executed to appellee was for $145 and was made in settlement of a certain transaction whereby he became the purchaser of appellant's interest in a land lease contract and certain farming implements and a team. Appellant pleaded and

testified that appellee was to have paid the annual rental maturing on said lease at a certain date, which he failed to do, and, by reason thereof, he lost his place, and hence the consideration for the note failed. There was no difference in appellee's testimony and that of appellant, except appellee stated the note was for $250, and that he was not to pay the annual rental alleged. The trial court found the note was for $145, and that appellee was not to pay the annual rental on the lease as alleged by appellant. We still maintain the view that this pleading resolved the litigation into a suit for debt, evidenced by a note of either $250 or $145. The trial court having found upon a hearing of the testimony that it was for $145, he correctly rendered judgment therefor.

Appellant cites the cases of Phelps et al. v. Zuschlag, 34 Tex. 371, and Bank v. Reep (Tex. Civ. App.) 188 S. W. 507, as supporting his contention here. We have carefully examined these authorities, and did so when we wrote our opinion, and do not find them in point on the question here presented.

The first case cited merely holds that where a plaintiff sued on notes, and the jury found that they were executed and delivered under duress, but further found that the maker really owed the plaintiff the amount of the notes at the time of their execution, the plaintiff could not recover the amount of the debt, since he had declared upon the notes solely.

In the second case cited it is held that where the bank sues on a renewal note, and alleges that it was in extension and renewal of certain other notes which the bank owned, but which it did not seek judgment upon in that suit, no judgment should be rendered for the original notes, for the reason that the plaintiff had not declared upon them.

We do not have that state of facts in this case. In those cases where the suit was for larger notes and the defense was the execution of a smaller note, no effort was made to sue for the debt evidenced by the note or notes. In none of these cases did the defendant by his voluntary pleading insist upon relief against the lesser or smaller note which he claimed to have executed, because of failure of consideration of such smaller note. Appellant asked the adjudication in this case of the smaller note, because of the failure of consideration. Appellee contested the failure of consideration by his pleadings, and prayed for judgment for his debt. It would certainly be a supertechnical construction of pleading to require a plaintiff to specifically pray for judgment of a lesser note set up as a defense to a larger note sued upon when the defendant admits by pleading the execution of the smaller note, but insists that he should not pay it because of failure of consideration, which the plaintiff denies and asks for judgment for his debt. In other words, the defendant in this case put in issue by his pleading a failure of consideration for the debt evidenced by the $145 note, and asked that in any event he be granted relief against the debt or note.

The motion for rehearing will be overruled.