## WOOD v. J. M. RADFORD GROCERY CO. et al.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 14, 1914.)

1. COURTS (§ 122*)—JURISDICTION.

Where the petition, in a suit on notes in the district court for an amount below its jurisdiction, expressly declared on and sought foreclosure of a vendor's lien of which it had juris-

diction, under Rev. St. 1911, art. 1705, cl. 4, and an amended petition alleged, in substance, as before, except that the lien had been rendered worthless, demurrer to the latter, based on the ground that it showed want of jurisdiction, was properly overruled.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

2. APPEAL AND ERROR (§ 1062*)—SPECIAL ISSUE — RIGHT TO ARGUE — SUBMISSION TO JURY.

Where, in a suit in the district court on notes, it was only by virtue of an allegation that there was a lien on land to secure the same, and a prayer for foreclosure, that the court had jurisdiction, and the defeated defendant, in a special plea, alleged that such allegation and prayer was fraudulently made to confer jurisdiction, and offered evidence tending to support it, whereon a juror would have found in his favor if his attention had been called to a certain communication therein, it was reversible error to refuse to submit in open court, pursuant to Rev. St. 1911, art. 1970, a special issue as to the fraud, and to refuse to permit counsel to argue the question, stating in the hearing of the jury that the court would not submit it, but thereafter sending such issue to the jury after they had retired.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Suit by the J. M. Radford Grocery Company against A. L. Hudson and others. From a judgment for plaintiff, defendant Eugene Wood appeals. Reversed.

Ben L. Cox, of Abilene, for appellant. Eugene De Bogory and B. A. Cox, both of Abilene, for appellees.

CONNER, C. J. This suit was filed by the J. M. Radford Grocery Company, a corporation, against A. L. Hudson, the maker, and Eugene Wood, J. M. Porter, W. T. White, and John B. Girand, as indorsers, upon two promissory notes dated July 9, 1910, and payable to Eugene Wood, bearing 8 per cent. interest from their date, with the usual stipulation of attorney's fees. Said notes reserved the vendor's lien on certain lands situated in Jack county, which are described in the petition. The plaintiff later filed its first amended original petition, in which it was alleged, in substance, as before, except that it was averred that the vendor's lien set up in its original petition and therein sought to be foreclosed had been rendered worthless by a forfeiture of the state's previous sale of the land for nonpayment of purchase money.

The defendant Wood answered by a general denial, and, among other things, specially that the fact that the vendor's lien sought to be foreclosed in the original petition was worthless was known to the plaintiff prior to the filing of such original petition, and that the allegation of such lien and the prayer to foreclose the same had been fraudulently made for the purpose of conferring jurisdiction upon the district court.

The court, upon the trial, submitted the case upon special issues, over the protest of the defendant Wood, upon its own initiative, to which the defendant Wood excepted, and now assigns error. The following further action was taken by the court as appears, in substance, from appellant Wood's bill of exception, viz.:

After the court had overruled the defendant Wood's general and special exceptions to the plaintiff's first amended original petition on the ground that the same showed a want of jurisdiction on the part of the court, the defendant offered evidence tending to show, as alleged in his second supplemental answer, that the plaintiff knew that the land in question had been forfeited to the state of Texas when this suit was originally filed in the court, and that defendant's counsel then attempted to argue to the jury the plaintiff's attempt to perpetrate a fraud upon the jurisdiction of the court by setting up the purported vendor's lien in its original petition, when it knew that it had no such lien; that, when the counsel for defendant attempted to argue said question to the jury, the court stopped him, and declined to further permit him to argue the issue of jurisdiction, stating, in the hearing of the jury, that he would not submit the question. Counsel for appellant thereupon prepared a special issue on the question, and requested the court to submit the same to the jury. The special issue so prepared is as follows: "At the time plaintiff filed this suit in this court, was plaintiff aware of the fact that the land described in the notes in controversy in this case had been forfeited to the state of Texas for any purpose? The burden is upon the defendant Wood on this question."

The court at the time of the request refused to submit the special issue, but later, and after the jury had retired to its consultation room, altered the special issue so as to read as follows, viz.: "At the time plaintiff, J. M. Radford, filed this suit in this court, was plaintiff aware of the fact that the land described in the notes in controversy in this case had been forfeited to the state of Texas for any purpose? The burden is upon defendant Wood to establish the affirmative of this question"—and sent the same to the jury by the sheriff, who delivered the same to the jury in its consultation room. The court refused to have the jury brought back into the courtroom and to read said special issue to the jury in open court, or to permit counsel for defendant to argue the issue thus submitted, all of which was requested by counsel for the defendant, and to which action of the court exception was duly taken as stated.

[1] In the case of Nashville, C. & St. L. Ry. Co. v. Grayson County Nat. Bank, 100 Tex. 17, 93 S. W. 431, which has been followed in other cases, our Supreme Court held that, where a plaintiff sues for an amount sufficient to give the district court jurisdic-

tion, the court's power to finally dispose of the case, in the absence of a plea averring that the sum is claimed fraudulently for the purpose of giving jurisdiction, continues to the end, notwithstanding the filing of an amended petition reducing the amount sought to be recovered below the jurisdiction of the court. The defendant's demurrer to the plaintiff's amended petition was therefore properly overruled, in view of the fact that the plaintiff in its original petition expressly declared upon, and sought the foreclosure of a lien upon land.

[2] But the court's action in refusing to submit the tendered special issue in open court and to permit counsel to argue the question was erroneous, we think, under the circumstances, and will require a reversal of the judgment. In any view of the case, the amount involved in the recovery sought was below the jurisdiction of the district court, and it was by virtue only of the allegation that there was a lien upon land to secure the payment of the notes sued upon and the plaintiff's prayer for the foreclosure of said lien that the district court had jurisdiction. See fourth clause of article 1705, Revised Statutes. If, in fact, therefore, the lien originally declared upon was worthless, and was so known to be by the plaintiff at the time of the filing of the original petition, and the allegation of the existence of the lien and the prayer for its foreclosure was fraudulently made for the purpose of giving the district court jurisdiction, as alleged in the defendant's special plea, the case should be dismissed. The defendant presented the issue in his pleading, and he had the undoubted right to present it in his evidence and in his argument ·to the jury. The bill of exception shows that evidence tending to support the issue was offered by the defendants, and it appears by the affidavit of one of the jurors that had his attention been called to a certain communication, appearing in the evidence, from the defendant's counsel to that of the plaintiff prior to the institution of the suit, that the juror would have been in favor of answering the special issue in the affirmative instead of in the negative, as the jury did answer it. The statute expressly provides (Revised Statutes, art. 1970) that: "After the argument of a cause, the judge shall, in open court, unless the same be expressly waived by the parties to the suit, prepare and deliver a written charge to the jury on the law of the case, subject to the restrictions hereinafter provided." In view of the remarks of the court at the time of the refusal to permit counsel to argue the issue under consideration, we think the court's action in violation of the terms of the article of the statute quoted was prejudicial, particularly in view of the state of the evidence relating to the special issue.

It seems that, at the time of the trial,

article 1992 of the statute expressly forbade the submission of a cause to the jury on special issues by the court, unless one or all the parties to the suit requested such submission. But, inasmuch as the law has since been amended in this respect (see General Laws 1913, p. 113), we need not discuss this action, which is also assigned as error.

Several other questions are presented that also are not likely to arise on another trial, and that, hence, we need not notice. We therefore conclude that the judgment should be reversed, and the cause remanded for the error discussed.

Reversed and remanded.