MATILDA TIAN ET AL. V. THOMAS LLOYD.

Decided June 29, 1899.

1. **Mechanic's Lien—Transfer—Enforcement.**

Where a mechanics lien contract is transferred by the contractor to a loan company in consideration of its assumption of the payment of the money provided for therein, he has no cause of action thereon against the owner of the property, but must look to the loan company.

2. **Same—Jurisdiction of District Court.**

Where, in an action in the district court for a debt of $300, secured by an alleged mechanics lien on real estate, the court has properly determined that there is no lien, it is without jurisdiction to render judgment for the debt.

ERROR from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Byron Johnson* and *Marsene Johnson,* for plaintiff in error.

*John D. Fearhake,* for defendant in error.

GARRETT, CHIEF JUSTICE.—Matilda Tian brought this suit in the District Court of Galveston County against Thomas Lloyd for an injunction to restrain him from intruding himself upon her homestead premsises in the city of Galveston and preventing her from moving into and and peaceably occupying and enjoying the same. She also prayed for damages. Thomas Lloyd, after answer to the petition, set up a cross-action against the plaintiff for $300, which he alleged was the balance due him upon a contract with the plaintiff for the erection of certain improvements upon the premises described in the petition. He alleged that he had entered into a written contract with plaintiff for the improvements, and for a lien upon the lot of land upon which they were to be made; that by the terms of the contract the money to be paid for the improvements was to be paid in installments; that after paying the first installment the plaintiff was unable to meet the next payment, when by an agreement with the improvement and loan company the plaintiff borrowed the money from it for the completion of the work, for the security of which the defendant Lloyd transferred the contract and lien to the company; that in consideration of such transfer the company undertook the full and prompt payment to him of all the sums of money provided for in the contract; and that the sum of $300 remained unpaid, and for the payment thereof a lien was still subsisting in his favor. He asked that the improvement and loan company be made a party defendant to his cross-bill, and for judgment against it and the plaintiff and for foreclosure of his lien, etc.

Plaintiff replied to the cross-bill of the defendant by demurrer, and also pleaded in bar of his right to recover the balance claimed as damages because of his failure to comply with his contract in the character of the work done and material furnished. The improvement and loan company in its answer averred that the contract had been assigned to it by Lloyd in consideration of the agreement of all parties that it would loan plaintiff the money stipulated therein for the construction of the house, and that the plaintiff had executed her sixty notes to the company therefor, secured by a deed of trust on the property. The company admitted that it had in hand a balance of $300 of the loan, and averred its willingness to pay it to either of the parties that the court might decide was entitled to it.

Plaintiff having previously obtained the injunction which she had sought in her original petition when the case was called for trial, took a nonsuit. The court overruled all demurrers, and upon hearing submitted the case to the jury upon the question of the balance due the defendant Lloyd by the plaintiff for the building of the house, subject to be reduced by damages for unskillful work and bad material, but denied the right of Lloyd to a lien. Upon the verdict of the jury Lloyd recov-

ered judgment against the plaintiff, Matilda Tian, and the improvement and loan company for the sum of $300.

There is no statement of facts, and the record before this court involves only two questions which arise upon the action of the court in overruling plaintiff's demurrer to Lloyd's cross-action, and in retaining jurisdiction of same after holding that there was no lien.

1. Did the court err in overruling the plaintiff's demurrer to the cross-action of the defendant Lloyd? Counsel present the error as consisting in a holding by the court below that a liquidated claim for a balance due upon the contract for the erection of the building could be pleaded in set off against plaintiff's action for damages for unlawfully intruding upon her premises and excluding her from the occupation thereof and the enjoyment of her home. But the most apparent ground of error, and the one on which the demurrer should have been sustained, is that the defendant Lloyd, by his averment that he had transferred and assigned his contract to the improvement and loan company, disclosed that he had no cause of action against the plaintiff, but that his cause of action was against the improvement and loan company for whatever balance might be due him for building the house, and that he had no lien. After the assignment of the contract to the improvement and loan company and the assumption by the company of the payment of the money provided by it, Lloyd had no cause of action thereon against the plaintiff.

2. The District Court was without jurisdiction to render judgment for the balance sued for, it having been determined that there was no lien. Carter v. Hubbard, 79 Texas, 360, and authorities therein cited.

The judgment of the court below will be reversed and the suit dismissed without prejudice to the right of Lloyd to his remedy against the improvement and loan company in the County Court.

*Reversed and dismissed.*

Writ of error refused.