## A. A. ABLOWICH v. GREENVILLE NATIONAL BANK.

No. 1086.　Decided March 17, April 24, 1902.

**1.—Judgment—Verdict—Issue Not Determined.**

The court, on a trial by jury, has no power to enter judgment upon facts well pleaded and indisputably proved, unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered. (P. 431.)

**2.—Same.**

In a suit to recover upon a note and foreclose a lien on land, under an instruction that their verdict, if in favor of the plaintiff, should be for the amount of the note and for foreclosure of the lien, the existence of which was clearly proved and undisputed, the jury found for plaintiff in the amount of the debt, but made no finding as to the lien or foreclosure. Held, that it was error to render judgment for foreclosure. (Pp. 431-433.)

**3.—Same—Cases Limited.**

Pearce v. Bell, 21 Texas, 690; Day v. Cross, 59 Texas, 608; Jones v. Ford, 60 Texas, 131, and Railway v. Henderson, 86 Texas, 307, explained and limited. (Pp. 432, 433.)

### ON REHEARING.

**4.—Jurisdiction of District Court—Suit for Foreclosure—Amount in Controversy.**

The district court has original jurisdiction and the Supreme Court jurisdiction on appeal over a suit to enforce a lien upon land, without regard to the amount in controversy, and may render judgment for the debt sued for, though the amount is not sufficient to give jurisdiction and the finding or verdict is against the existence of the lien. (Pp. 433, 434.)

**5.—Same—Cases Overruled.**

Carter v. Hubbard, 79 Texas, 356; Barnes v. White, 53 Texas, 631; Snyder v. Wiley, 59 Texas, 448, and Cameron v. Marshall, 65 Texas, 7, overruled, on the question of jurisdiction in suits to foreclose liens where the lien is disallowed. (Pp. 433, 434.)

Writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

The bank sued Ablowich to recover on a note and foreclose a lien, and recovered a judgment for the debt and foreclosure, from which the defendant appealed, and upon its affirmance he obtained writ of error.

*B. F. Looney* and *John T. Craddock,* for plaintiff in error.—The plaintiff in this case declared on a promissory note and also sought the foreclosure of a lien on the land. The defendant, among other things,

pleaded the general issue. The verdict of the jury, being simply for the debt, was insufficient to authorize the decree of foreclosure as rendered. May v. Taylor, 22 Texas, 349; Bledsoe v. Wills, 22 Texas, 651; McConkey v. Henderson, 24 Texas, 214; Burford v. Rosenfield, 37 Texas, 45; Preston v. Breedlove, 45 Texas, 50.

[Upon the rendering of the opinion in this case, counsel for plaintiff in error filed a motion for rehearing, asking that the judgment entered be reversal and dismissal instead of remand, upon the grounds and supported by the authorities following:]

First. Because the jury having found against the existence of the mortgage lien alleged, the District Court was without jurisdiction to render judgment for the debt, as the amount thereof, excluding interest, was less than $500.

Second. Because this court having found in accordance with the verdict of the jury against the existence of the lien alleged by plaintiff, and the amount in controversy being below the jurisdiction of the District Court, it did not have jurisdiction to render judgment for the debt, but should have dismissed this cause.

Third. Because this court did not have jurisdiction to render judgment for the debt, the amount, excluding interest, being $450, when, as in this case, the verdict of the jury was against the existence of the lien, the only fact that gave the court a quo jurisdiction, or when, as in this case, the defendant in error waives any and all rights it may have arising out of the existence of the mortgage sued on.

Authorities: Carter v. Hubbard, 79 Texas, 359; 6 Texas, 172; 49 Texas, 248; 59 Texas, 448; 65 Texas, 7; 53 Texas, 328; 15 S. W. Rep., 392; 44 S. W. Rep., 672; 38 S. W. Rep., 35. The question here raised is one that may be presented at any time, and anywhere: 28 Texas, 590; 3 Texas Ct. Rep., 780; 4 Texas Ct. Rep., 349.

*Lee A. Clark,* for defendant in error.—Where the contract is pleaded by both parties and the note and mortgage are parts of the same transaction, and it is admitted by defendant on the trial that the mortgage is a valid lien on the property covered by it, the mortgage is properly foreclosed even though the verdict does not find that the lien exists. Pearce v. Bell, 21 Texas, 690; Day v. Cross, 59 Texas, 608; Jones v. Ford, 60 Texas, 131; Railway v. Henderson, 86 Texas, 307.

[Counsel for defendant in error also filed motion for rehearing, asking a re-examination of the questions ruled upon in the original opinion, and further proceeding as follows:]

In case this court should hold that our position on the foregoing questions is not well taken, and should adhere to its former opinion herein, then this cause should not be remanded for another trial; but this court should reform the judgment of the trial court, and here render judgment for defendant in error for the amount of its debt, eliminating the foreclosure of the lien. To this end and for this purpose, the defendant in error, the Greenville National Bank, herein and hereby waives any

and agrees that the costs of appeal may be taxed against it.   Coverdill
and all rights it may have arising out of the existence of said mortgage,
v. Seymour, 57 S. W. Rep., 635; Seed Co. v. Bank, 92 Texas, 193;
Railway v. Trawick, 80 Texas, 275; City of Dallas v. Jones, 53 S. W.
Rep., 377; Railway v. Warren, 90 Texas, 566.

BROWN, ASSOCIATE JUSTICE.—The Greenville National Bank insti-
tuted suit against the plaintiff in error to recover the amount of a note
for $450 alleged to have been executed by Ablowich to M. M. Brooks
and transferred by Brooks to the bank; and also to foreclose a mortgage
which was alleged to have been given by the defendant upon the land
described in the petition to secure the note sued upon.   Both note and
mortgage were made part of the petition.   The defendant pleaded a
general denial and a special plea which it is not necessary for us to
notice in this opinion.

At the trial the district judge instructed the jury:  "The plaintiff
in this cause is entitled to recover the full amount of the note sued on,
which is $567.75, with a foreclosure of the mortgage lien, and you will
so find, unless you find for the defendant upon the following issue.
*   *   *   The form of your verdict will be:  'We the jury find for the
plaintiff the sum of —— dollars, with a foreclosure of its mortgage
lien,' filling in the blank with the sum you find."   The jury returned
the following verdict:  "We the jury find for the plaintiff the sum of
$567.75.   E. W. Hardy, Foreman;" upon which the court entered
judgment against the defendant for the amount found by the jury and
also foreclosed the lien of the mortgage upon the land described.   The
defendant filed a motion for a new trial, one of the grounds being as fol-
lows:  "The verdict of the jury is wholly insufficient to sustain the
judgment foreclosing the lien as prayed for by the defendant," which
was presented in the same words in the Court of Civil Appeals as an
assignment of error.

We have examined all the assignments presented in the application
and find no error except the foreclosing of the mortgage lien.

When a jury has been demanded by either party, he is entitled to
have every material issue made by the pleading and the evidence sub-
mitted to that jury, and the trial court can not enter a judgment upon
a verdict which fails to pass upon any material issue submitted to the
jury, unless it be in case of a special verdict, which is provided for by
statute.   May v. Taylor, 22 Texas, 348; Bledsoe v. Wills, Id., 650;
Silliman v. Gano, 90 Texas, 647.   In May v. Taylor, Judge Roberts
said:  "The judgment was rendered not only upon the note but also
upon the mortgage, concerning which there was no finding in the ver-
dict.   The province of the verdict is to declare the facts upon which the
judgment is to be predicated.   The existence of the mortgage, as well
as the note, was put in issue and the entire omission of a finding upon
the mortgage is fatal to the judgment, so far as it relates to the mort-
gage."   We find nothing in the record which would indicate that the

jury passed upon the lien of the mortgage. In fact, everything connected with it shows that the jury disregarded the charge of the court and the undisputed evidence and found against the lien, for the court not only instructed the jury to find the mortgage if they found the debt, but gave the form of the verdict in which was written "with a foreclosure of the mortgage lien." In returning the verdict, the jury adopted the very language of the court in the form of the verdict as to the note, but omitted that portion which referred to the mortgage lien. It therefore can not be said that the jury found in favor of the lien, but it must necessarily follow that they found against it when they expressly eliminated from the verdict which they found the language finding the lien.

The honorable Court of Civil Appeals, in deciding the question, said: "The petition declared upon the note and mortgage. The defendant plead a general denial. The mortgage was introduced in evidence without objection. The defendant requested two special charges, in each of which he recognized the validity of the mortgage. The appellant, in stating the facts in his brief, to which there is no controversy, admits that the trust deed described in the plaintiff's petition was executed by defendant." We have examined the special charges asked by defendant and do not find anything in them recognizing the mortgage. The statement in the brief of the attorney can not affect the question. It is not a question whether the pleading sufficiently set out the instrument, nor a question as to whether the evidence was sufficient to justify a finding in favor of the lien, for these are beyond dispute, but, under the well settled rules of this court, the trial court has no power to enter judgment upon facts well pleaded and indisputably proved unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered. In support of its conclusion, the Court of Civil Appeals refers to Pearce v. Bell, 21 Texas, 690; Day v. Cross, 59 Texas, 608; Jones v. Ford, 60 Texas, 131; Railway v. Henderson, 86 Texas, 307.

In the first case referred to above, Judge Roberts, after reviewing the facts, said: "By looking into the pleading, then, it is manifest beyond a doubt that the jury passed upon the mortgages as well as on the note and must have equally found in favor of the plaintiff upon them as for the debt." The case is put upon the ground that the record showed that the issue must have been found in favor of the plaintiff in arriving at the verdict. In the case of Day v. Cross, before cited, the contract was pleaded by the plaintiff and was also set up by the defendant in a cross-plea, and the court held that the allegations in the cross-plea amounted to an admission of the contract which retained the lien upon the property, and therefore it was not necessary that the issue should have been expressly found. Ogden & Johnson v. Bosse, 86 Texas, 344. In Jones v. Ford, the court held that the finding of the jury necessarily included the finding of the issue of the right of possession in that case. In Railway v. Henderson, this court held that the findings of fact upon which the law would give a lien were sufficient without finding the lien

itself, but in the same case, it was held that upon other matters which were not embraced in that proposition, it was necessary for the jury to find upon the issue. The cases cited by the honorable court of Civil Appeals do not sustain its judgment.

The trial court erred in foreclosing the lien of the mortgage and the Court of Civil Appeals erred in sustaining the judgment. It is therefore ordered that the judgment of the District Court and of the Court of Civil Appeals be reversed and that this cause be remanded.

### ON MOTION FOR REHEARING.

BROWN, ASSOCIATE JUSTICE.—The plaintiff in error claims that this court can not enter judgment for the debt because the lien upon the land was not established and the debt is less than $500. This position is sustained by the following cases decided by this court: Carter v. Hubbard, 79 Texas, 356; Barnes v. White, 53 Texas, 631; Snyder v. Wiley, 59 Texas, 448; Cameron v. Marshall, 65 Texas, 7. We are of opinion that the rule announced in the cases cited is based upon an erroneous construction of our Constitution, and they are hereby overruled.

Section 8 of article 5 of the Constitution of the State of Texas, contains this provision: "The district court shall have original jurisdiction * * * in all suits in behalf of the State to recover penalties, forfeitures and escheats; of all case of divorce, of all misdemeanors involving official misconduct, of all suits to recover damages for slander or defamation of character, of all suits for trial of title to land, and for enforcement of liens thereon." Jurisdiction is conferred in the several classes of cases without reference to the amount in controversy, but, being a suit of a particular class, the court has jurisdiction of whatever amount may be involved and of all of the issues which grow out of such litigation. In suits for "the enforcement of liens upon land," jurisdiction is given of the debt which the lien secures without regard to the amount, as well as to foreclose the lien, and is not affected by the following provision of that section: "Of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to $500, exclusive of interest." The construction placed upon the Constitution by which the jurisdiction of the court over the amount involved in the suit to foreclose a lien upon land, upon failure of the lien, is made to depend upon the provision last quoted, is without support in the language or in the evident intention of the framers of the Constitution. Power is given over "suits to enforce liens" on land, and a failure of the lien makes it no less a "suit to enforce a lien." The decisions cited are antagonistic to the general principle that, "the jurisdiction of the court can not be defeated when the case stated in the petition is within its jurisdiction, unless it is made to appear that the allegations upon

which the jurisdiction depends were fraudulently inserted in the petition for the purpose of conferring the jurisdiction." Hoffman v. B. and L. Assn., 85 Texas, 410. When a suit has been filed in the district court for a sum exceeding $500, but upon the trial it is reduced to a sum below the jurisdiction of the court, it has been uniformly held that the jurisdiction of the court is determined by the amount which was claimed in the petition and will not be lost by the fact that the amount is reduced upon the trial. Hoffman v. B. and L. Assn., cited above. In Seymour v. Hill, 67 Texas, 385, a judgment of the justice of the peace had been enjoined by a writ issued out of a district court, and it was held that the court thereby obtained jurisdiction of the whole subject matter, including the debt originally sued upon in the justice court, and the district court gave judgment for the debt upon the principle that, having obtained authority over the suit, the court will retain it for the purpose of administering such relief as the pleadings and the evidence show the parties entitled to, although it would not have entertained jurisdiction of the debt as an original action in that court. Willis v. Gordon, 22 Texas, 241; Stein v. Frieberg, 64 Texas, 273; Hale v. McComas, 59 Texas, 486; Seymour v. Hill, 67 Texas, 385.

We can see no difference in principle between this case and the cases in which the amount in controversy was reduced by proof below the jurisdiction of the court but jurisdiction was retained, nor the other class of cases in which the court, having acquired jurisdiction by the issuance of the writ of injunction, entered judgment for a sum less than $500. The practice which was inaugurated by the former decisions involves litigants in much doubt and difficulty and has resulted in the dismissal of cases, perhaps in the loss of the debts, by the statute of limitations. We see no reason why the previous construction should be supported against what is to our minds the better rule of practice followed in all other cases, and, as we believe, entirely consistent with the Constitution of this State.

*Reversed and rendered.*

[The motion of plaintiff in error for a rehearing was overruled. The motion for defendant in error, so far as it sought an affirmance of the judgment of the trial court, was also overruled; but the portion asking that judgment be rendered was sustained and judgment entered in his favor for the debt and interest, without foreclosure, and for costs of the trial court, he being taxed with the costs of the appeal and writ of error.]