## J. C. STEWART PRODUCE CO. v. HAMILTON-TURNER GROCERY CO.

(Court of Civil Appeals of Texas. Austin.
Jan. 14, 1914. On Motion for
Rehearing, Feb. 25, 1914.)

1. SET-OFF AND COUNTERCLAIM (§ 33*)—ACTIONS IN WHICH REMEDY IS AVAILABLE.

A cause of action for tort cannot be pleaded as a set-off in an action upon contract.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 1, 32, 54, 55; Dec. Dig. § 33.*]

On Motion for Rehearing.

2. CONTRACTS (§ 346*)—ISSUES, PROOF, AND VARIANCE.

Where, in an action by a principal against his agent, the petition alleged that the agent had received $440, and failed to account therefor, proof that the amount so received was less than $440 would not defeat recovery.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

3. COURTS (§ 122*)—JURISDICTION DEPENDENT UPON AMOUNT OR VALUE IN CONTROVERSY—ALLEGATIONS IN PLEADINGS.

In the absence of an allegation that the amount sued for was fraudulently alleged in order to give the court jurisdiction, jurisdiction will be determined by the allegations of plaintiff's petition, regardless of the fact that the evidence may show that the amount which the plaintiff is entitled to recover is below the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by the J. C. Stewart Produce Company against the Hamilton-Turner Grocery Company. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

W. L. Eason, of Waco, for appellant. J. D. Williamson and M. C. H. Park, both of Waco, for appellee.

JENKINS, J. Appellant sued appellees for the proceeds of a car of potatoes, shipped by appellant to appellees to be sold on commission. Appellees admitted in their answer that they had received the potatoes, as the agents of appellant, to be sold on commission, and that they had sold the same for the sum of $409.51, that they had paid freight on said potatoes to the amount of $223.50, and were entitled for their services as brokers to the sum of $40.95, leaving a net balance, the proceeds of said potatoes, of $145.06; and the undisputed evidence in this case shows such to be the fact. They further alleged that appellant was indebted to them in the sum of $455, by reason of its failure to deliver five cars of potatoes upon a previous contract at an agreed price, by reason of which they were damaged in said sum of $455, and pleaded this as an offset against the sum of $145.06 admitted to be owing on the potatoes which they had sold for appel-

lant as above stated, and sought to apply this amount of their damages to the amount owing on the potatoes herein sued for, and asked for judgment over for the balance of $309.95.

[1] Appellant excepted to this answer upon the ground that it was an attempt to plead an action in tort against an action upon contract. The court sustained this exception, but rendered judgment for appellees, and that appellant take nothing by its suit.

There was no error in sustaining appellant's exception to appellees' answer; but, under the undisputed facts in this case, appellant was entitled to judgment in the sum of $145.06, with 6 per cent. interest from January 1, 1910, and the judgment of the trial court is here reversed and rendered for appellant for said amount.

Reversed and rendered.

On Motion for Rehearing.

[2] Appellant seems to be laboring under the impression that, because the appellee sued upon a demand for $440 arising out of a contract, it could not recover unless it proved that exact amount to be due. Such is not the law. Appellee alleged that appellant had received as its agent $440, which it failed and refused to pay over to appellee. Proof that the amount actually so received by appellant and withheld from appellee was less than that alleged would not defeat recovery by appellee. There was no uncertainty as to the amount alleged to be due, nor as to how such indebtedness arose. Tested by appellee's pleading, its suit was for a liquidated demand arising out of a contract.

Appellant admitted its indebtedness in the manner and form, though not in the exact amounts, alleged, and claimed a set-off arising out of said transaction which reduced its indebtedness to appellee to $145.06. The evidence of appellee, which was not contradicted, showed this amount to be due on the transaction upon which the suit was brought. Had nothing else been pleaded by appellant, it is clear that appellee would have been entitled to a judgment for this amount. Appellant, in the third and fourth paragraphs of its answer, pleaded damages growing out of a tort in no wise connected with the transaction sued upon. The court properly sustained an exception to this portion of appellant's answer.

[3] Appellant suggests that, if appellee was entitled to recover only $145.06, the county court was without jurisdiction to try the case. Appellant did not allege that the amount sued for was fraudulently alleged in order to give the court jurisdiction. In the absence of such allegation jurisdiction will be determined by the allegations of the plaintiff's petition, regardless of the fact that the evidence may show that the amount which the plaintiff is entitled to recover is

below the jurisdiction of the court. Ablowich v. Bank, 95 Tex. 432, 67 S. W. 79, 881.

For the reasons stated, appellant's motion for a rehearing is overruled.

Motion overruled.