KUEHN v. MEREDITH. (No. 8386.)

(Court of Civil Appeals of Texas. Ft. Worth. June 3, 1916.)

1. JUDGMENT ⬅199(3)—REQUISITES—CONFORMITY TO VERDICT.

A judgment must always follow the verdict, so that where a judgment was the only one which could have been rendered upon the verdict returned, the appellant was not entitled to a judgment non obstante veredicto on the ground that the finding upon an issue was without evidence to support it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 367; Dec. Dig. ⬅199(3).]

2. PATENTS ⬅195—CONTRACT—SUFFICIENCY OF EVIDENCE.

In a suit against plaintiff's partner to recover an interest in a patent issued to the defendant, evidence held to sustain a finding that the attorney's fees for obtaining the patent were not paid by the partnership under an agreement that the patent right should become the property of the partnership.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 272–274; Dec. Dig. ⬅195.]

3. SPECIFIC PERFORMANCE ⬅87—DUTIES OF PLAINTIFF.

In a suit for the specific performance of a contract whereby a patent issued to defendant was to be the property of the partnership consisting of plaintiff and defendant, the plaintiff could not recover where he had not fully complied with his obligations under the contract and did not offer to perform them or show any equitable excuse for his default; and such rule applied notwithstanding the plaintiff, as owner of an interest in the partnership, might

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be entitled to some relief in a proper suit therefor.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 225, 238–241; Dec. Dig. ☞87.]

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Action by A. A. Kuehn against J. D. Meredith. Judgment for defendant, and plaintiff appeals. Affirmed.

Martin L. Allday, of Burkburnett, and Fitzgerald & Cox, of Wichita Falls, for appellant. E. H. Eddleman, S. Heyser, and Chauncey & Davenport, all of Wichita Falls, for appellee.

DUNKLIN, J. A. A. Kuehn instituted this suit against J. D. Meredith to recover a two-thirds interest in a patent right device ·issued by the United States government to the defendant; the device being known as pipe tongs designed for handling piping or casing in oil wells. From a judgment in favor of the defendant, the plaintiff has appealed.

The plaintiff's suit was predicated upon an alleged agreement on the part of the defendant to transfer the patent to the partnership doing business under the firm name of the Petrolia Machine Shop, in consideration that said firm would bear all expenses necessary to obtain the patent. It was further alleged that plaintiff owned a two-thirds interest in the assets of the partnership firm, and that the defendant owned the remaining one-third interest therein, and that each individually owned the same proportionate interest in the patent right. According to further allegations in the petition the partnership furnished all the money and expenses necessary to obtain the patent, which was later issued, but which the defendant refused to transfer to the partnership firm in accordance with his agreement. In its answer the defendant denied all the material allegations upon which the plaintiff's suit was based.

The case was submitted to the jury upon special issues, which issues, together with the answers thereto, are as follows:

"Issue No. 1. Did, or did not, the defendant propose to plaintiff that if the money needed to patent the device mentioned in plaintiff's petition would be furnished by the Petrolia Machine Shop that the patent right to said invention should become the property of the said Machine Shop? Answer yes or no. Ans. Yes.

"Issue No. 2. If you answer the above interrogatory in the affirmative, then did, or did not, the plaintiff agree to the defendant's proposition? Answer yes or no. Ans. Yes.

"Issue No. 3. If you answer the above issue in the affirmative, then did, or did not, the Machine Shop furnish the money to pay for the patenting of said invention? Answer yes or no. Ans. No."

[1] By the first assignment appellant complains of the action of the trial judge in overruling his motion for a judgment in his favor, non obstante veredicto; said assignment being predicated upon the contention that the finding of the jury upon the third issue that plaintiff did not furnish the money to pay for the patent was without any evidence to support it, and is contrary to the undisputed evidence. The same contention is presented by other assignments attacking the same finding of the jury, which assignments were urged in plaintiff's motion for a new trial as a reason why the judgment should be set aside.

Even though appellant's contention were true, the first assignment would be overruled for the reason that under our practice the judgment must always follow the verdict, and no other judgment than the one rendered could have been rendered upon the verdict returned. Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881.

[2] In considering the other assignments we have carefully reviewed the evidence and have reached the conclusion that the same must be overruled. It would serve no useful purpose to review the evidence at length, but we will notice the principal features of it only. The evidence shows that the expenses incurred for models, forms, etc., necessary to procure the issuance of the patent, and amounting to some. $70, were paid by the partnership firm, and that in addition to that expense the sum of $75 was paid to attorneys in Washington as a fee for their services in procuring the issuance of the patent. The chief controversy turns upon the question whether or not those attorneys' fees were paid by the defendant Meredith or by the partnership firm. The evidence shows without controversy that the attorneys' fees were paid with money drawn out of the bank to the credit of the firm, and upon checks with the firm name signed thereto, payable to Meredith, two of which checks, one for $35 and the other for $20, were drawn by the defendant Meredith, while according to some of the testimony another check for $20 was drawn by plaintiff, and according to other testimony was drawn by the defendant. The evidence conclusively shows that under the partnership agreement between the members of the firm, the defendant was allowed a salary out of the partnership assets of $75 per month, but $25 per month of said salary had been left to his credit for several months preceding the date of payment of said attorneys' fees. At the time the checks with which to pay the attorneys' fees were drawn by Meredith, he was the bookkeeper of the firm and had the right to check money out of the bank to its credit. According to his testimony the $75 so checked out of the bank and used in the payment of the attorneys' fees was charged against his account for salary, leaving a balance still due him by the firm. It appears further that prior to the trial of this suit, there had been a trial of another suit instituted for the purpose of settlement of the affairs of the partnership between the plaintiff and the defendant. According to the testimony of the defendant,

in the accounting they had in that suit, he was charged by Kuehn with the three checks aggregating $75 used for the payment of the attorneys' fees. The testimony of one of Meredith's attorneys, who represented him in that suit, tends in some measure to corroborate the testimony of Meredith upon that issue. The evidence offered by the plaintiff tended strongly to controvert the testimony of Meredith, particularly in the fact, which is shown without dispute, that the books of account kept by the firm did not show the checks given in the firm name to pay the attorneys' fees were ever entered as a charge against Meredith. But according to Meredith's testimony the books were not correctly kept, and to corroborate that statement he cited the fact that another item of even a larger amount, which was properly chargeable against him, was not so entered upon the books.

The explanation given by Meredith as to the manner in which the firm was to be reimbursed for the expenses incurred by it for forms, models, etc., is rather indefinite and seems to be predicated upon his contention that the agreement between him and the firm relative to furnishing the money with which to procure the patent was that he and the firm were each to share in the profits realized from the manufacture and sale of the tongs after the patent had been procured, but that the firm was not to have any interest in the patent right itself.

In view of the foregoing observations, we cannot agree with appellant in his contention that the evidence shows without controversy that the attorneys' fees were paid by the partnership firm, or that the evidence so strongly preponderated in his favor upon that issue as to require a reversal of the judgment, and, accordingly, the assignments of error now under discussion must be overruled.

[3] It is insisted further that as the jury found that the defendant and the partnership firm entered into an agreement by the terms of which the firm would furnish the money to pay the attorneys' fees and all other expenses, and as there was no finding by the jury nor evidence to show that the firm had ever refused to pay said attorneys' fees, the plaintiff was entitled to recover a two-thirds interest in the patent right, notwithstanding the finding of the jury upon the third special issue.

This assignment is overruled for the reason that the suit was for the specific performance of the contract which the jury found was in fact entered into between the parties, and it is too well settled to need the citation of authorities that in such a suit plaintiff cannot recover where it is shown that he himself has not fully complied with his obligations under the contract, and does not offer to perform the same and has not shown any equitable excuse for such default on his part. And this rule is controlling in the present suit, notwithstanding the fact that it was conclusively shown that the firm did furnish approximately one-half of the expenses necessary to procure the patent, and that, therefore, plaintiff, as the owner of two-thirds interest in the partnership, perhaps would be entitled to some relief by reason of that fact in a proper suit therefor.

For the reasons indicated, the judgment is affirmed.