**DUGGER et al. v. ALLEN et al.  (No. 9649.)**

(Court of Civil Appeals of Texas.  Fort Worth. May 28, 1921.)

**Judgment ⬤⇒256(2) — Cannot be entered on special verdict omitting to find on a material issue.**

In action for fraudulent representations inducing plaintiffs' purchase of a worthless oil lease, where the case was submitted on special issues and the jury found that the representations were made, but failed to return an answer on the issue whether they were false, it was error to enter judgment for defendants, the verdict as a whole not being susceptible of being construed as a finding that the representations were not false.

Appeal from District Court, Wichita County; W. E. Fitzgerald, Judge.

Action by W. L. Dugger and another against H. A. Allen and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Carrigan, Montgomery, Britain & Morgan, of Wichita Falls, and John McGasson and S. P. Ross, both of Waco, for appellants.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellees.

CONNER, C. J.  This suit was instituted in the district court of Wichita county by W. L. Dugger and E. M. Strange against H. A. Allen, Wm. Frank, and H. F. Wurtz, to cancel a certain contract entered into by and between the plaintiffs and defendants. It was alleged that said contract had been entered into upon the part of the plaintiffs by reason of false and fraudulent representations and concealments made by the appellee H. A. Allen. It was further alleged, in substance, that by the terms of the contract the plaintiffs purchased of the defendants, through the said H. A. Allen, a certain oil lease on a certain five-sixth acre of land located in what is known as the Van Cleave tract in Wichita county, and for which the plaintiffs paid $12,000, and gave their promissory note for the further sum of $8,000. The prayer was for

the cancellation of the note and for the recovery of the $12,000. The plaintiffs further sought to recover the sum of $30,000 as damages suffered, in ways alleged by reason of said false and fraudulent representations.

The false representations and concealments, as alleged, and in so far as pertinent and here necessary to state them, are, in substance, that H. A. Allen represented that said five-sixths acre was absolutely proven oil land; that it was located between two tracts of land of the same size owned by the defendants, and that the said Allen represented that he had made a fifty-fifty drilling contract upon the said two adjoining tracts, and would have wells sunk upon them at once; that the defendant Allen concealed the fact that a dry hole had been drilled close to and adjoining the tract so leased by the plaintiffs. The plaintiffs alleged that these representations were false, and made the necessary allegations of their reliance thereon, etc.

The defendants Allen and others answered by a general denial, special denials, and pleaded over for a recovery on the $8,000 note.

The court submitted the case to a jury upon special issues, which, together with the answers of the jury thereto, are as follows:

"Issue No. 1: Find whether or not the defendant H. A. Allen at the time that the contract for the purchase of the acreage in question was made, represented to the plaintiffs the following facts:

"(a) That he had a contract for the drilling of a well on a portion of the 2½ acres on one side of this acreage. Answer: Yes.

"(b) That he could and would let a contract for the drilling of a well on the other side of this acreage. Answer: Yes.

"(c) That the acreage offered for sale was absolutely proven territory. Answer: Yes; but not absolutely proven territory.

"(d) That the Johnson well was an oil well. Answer: No; but the Johnson well was on the sand.

"Issue No. 2: Find whether or not a dry hole had been dug or abandoned on land adjoining this acreage at the time plaintiffs and defendants entered into their contract. Answer: No.

"Issue No. 3: If you answer issue No. 1, or any section thereof, in the affirmative, then find whether or not said representations were false. Answer: ———.

"Issue No. 4: If you have answered issue No. 1, or any section thereof in the affirmative, then find whether or not said representations were material. Answer: Yes.

"Issue No. 5: If you have answered issue No. 1 or any section thereof in the affirmative, then find whether or not the plaintiffs relied upon said representation. Answer: Yes.

"Issue No. 6: If you have answered issue No. 1 or any section thereof in the affirmative, or if you have answered in the affirmative to issue No. 2, then find whether or not said representations or concealments, if any, induced the plaintiffs to enter into said contract. Answer: Yes.

"Issue No. 7: Find whether or not the plaintiffs would have entered into said contract but for said representations, if any, or said concealments, if any. Answer: No."

Upon the verdict so rendered, the court entered a judgment for the defendants, and plaintiffs have appealed.

Error is assigned to the action of the court in entering a judgment because of the failure of the jury to answer issue No. 3, and this presents the vital question in the case. We think that this issue embodies very essential elements of plaintiffs' right to recover, if any they had. Had this issue been answered in the affirmative, a recovery by the plaintiffs would have been authorized under the other findings. But with a negative answer, the plaintiffs necessarily would fail.

The case of Paschal v. Acklin, 27 Tex. 174, was one submitted to a jury upon special issues. The jury failed to find upon one of the issues held to be material, and the Supreme Court reversed the judgment of the trial court because of the failure mentioned.

In Moore v. Moore, 67 Tex. 293, 3 S. W. 285, our Supreme Court said:

"A special verdict is defective, and must be set aside, which does not find all the facts put in issue by the pleading, although the evidence may establish beyond any controversy the existence of the facts not found."

The court further said in the same case:

"This is equally true of a general verdict. In the leading case of Patterson v. United States, 2 Wheaton, 221, Mr. Justice Washington, in delivering the opinion of the court, says: 'The rule of law is precise upon this point. A verdict is bad if it varies from the issue in a substantial matter, or if it find only a part of that which is in issue. The reason of the rule is obvious: It results from the motive and end of pleading. Whether the jury find a general or a special verdict, it is their duty to find the very point in issue, and, although the court in which the cause is tried may give force to a general finding, so as to make it harmonize with the issues, yet if it appears to that court or to the appellate court that the finding is different from the issue or is confined only to a part of the matter in issue, no judgment can be rendered on the verdict.' It may be said that there is a more cogent reason for the rule than that laid down in the passage just quoted. It is the right of the parties to have the jury pass upon all of the facts controverted by the pleadings, and when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court cannot render judgment without usurping in part the functions of the jury, and thereby render judgment infringing a right guaranteed by the Constitution and laws."

See, also, Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Garlitz v. Nat. Bank, 152 S. W. 1151; Kendrick v. Polk, 225 S. W. 826; Choate v. Railway Co., 91 Tex.

406, 44 S. W. 69; Payne v. Ellwood, 163 S. W. 93.

In the case last cited, Mr. Chief Justice Huff, of the Amarillo Court, states the rule undoubtedly established by all of our authorities. He says:

"In jurisdictions where the practice obtains of entering judgment non obstante veredicto, the general rule is that a motion by the plaintiff to enter such a judgment will only be entertained when the verdict is for the defendant upon the facts as present no defense. * * * In Texas, it is made the duty of the court to enter its judgments in conformity with the verdict, whether it be correct or not. When a jury has been demanded by either party, he is entitled to have every material issue made by the pleading and the evidence submitted to the jury, and the trial court cannot enter a judgment upon a verdict which fails to pass upon the material issue submitted to the jury, unless it be in case of a special verdict, which is provided for by statute."

The general rule, as above stated, is not controverted by the appellees, but they here defend the action of the court for reasons embodied in the judgment, to wit:

"The court further finds that answer to special issue No. 3 is not necessary for rendition of judgment in this cause in favor of the defendants against the plaintiffs, in that uncontroverted evidence shows that affirmative answers to special issue No. 1, subdivision (a), were true, and that the answers to subdivisions (c) and (d), special issue No. 1, are in effect negative answers thereto."

If we could accept the answers referred to as a sufficient negative answer to issue No. 3, we would be quite ready to agree with the court that the judgment for defendants was authorized. For, if in effect, the verdict as a whole can be properly construed as a finding of the jury that the material representations alleged and relied upon by the plaintiffs were false, as alleged, then it would be immaterial that issue No. 3 had not been specifically answered. See Sears v. Sears, 45 Tex. 557; Coons v. Lain, 168 S. W. 981; Sellers v. Railway Co., 208 S. W. 398.

It is undoubtedly true that the representations embodied in subdivisions (a) and (b) of issue No. 1 were shown by the evidence to be true, and not false, as alleged by the plaintiffs. But, inasmuch as the issues were submitted, the truth or falsity of the representations therein embodied were for the jury, and not for the court, the plaintiffs having the right to have the jury pass upon the credibility of the witnesses and weight to be given to their testimony. Nor do we think that the answer of the jury to subdivision (c) is a plain answer that the acreage offered for sale by H. A. Allen, for himself and associates, was represented to be "absolutely proven territory," as alleged, and that such representation was false. In this respect, the issue in

effect was, Did H. A. Allen represent to the plaintiffs that the acreage offered for sale was "absolutely proven territory?" The answer of the jury to this question was "Yes; but not absolutely proven territory." The answer in a sense is contradictory; the affirmative "yes" would mean that H. A. Allen did so represent. The following words, however, "but not absolutely proven territory," tends to a contrary conclusion, indicating perhaps, that Allen represented that the acreage in question was good oil land, but that he by no means undertook to give absolute assurance that oil would be found beneath the surface, and this conclusion is in harmony with appellees' evidence on the subject. The plaintiffs were entitled to a plain answer by the jury to the question of whether Allen represented the land to be absolutely proven territory. One or more of them so testified, and the issue was for the jury and should have been answered in language not susceptible of misconstruction; and such an answer should also have followed issue No. 3, for plaintiffs' evidence undoubtedly tended to show that not only did H. A. Allen represent the acreage in question as absolutely proven territory, but also that such representation was false, and both of these allegations were material issues in the case.

The answer of the jury to subdivision (d) of issue No. 1 may perhaps be correctly interpreted as a negative answer to the issue submitted in that subdivision, viz.: Whether H. A. Allen represented the Johnson well an oil well. The jury answered, "No; but the Johnson well was on the sand." We think it quite probable that by that answer the jury meant to find that Allen did not represent that the Johnson well was an oil well, but only that the Johnson well was on the sand, particularly in view of the fact that the evidence seems almost undisputed that that was the extent of Allen's representation on that subject. But we think the court should have required the jury to give a plain answer to the particular issues submitted, and not have permitted them to undertake in addition thereto to find other terms of representation.

Appellants present a number of other assignments, but we think none of them present reversible error or require of us extended discussion. The evidence seems to scarcely raise the issue requested by appellants and referred to in their ninth and tenth assignments of error. The plaintiffs alleged that the defendants had concealed from them the fact that a dry hole had been dug or abandoned on land adjoining the acreage in question. But as stated, the evidence fails to show with any degree of probative force that Allen concealed any material circumstance in this connection, and the jury in answer to issue No. 2 expressly found that no dry hole had been dug or abandoned on land adjoining

the acreage in question at the time plaintiffs and defendants entered into their contract. The fact that such a dry hole or abandoned well appeared in the subsequent development of the territory was not available to the plaintiffs as any part of their cause of action. Moreover, nothing in the evidence indicates that there was any relation of special confidence between the parties. Nor does the evidence seem to have raised the issue referred to in the eleventh, twelfth, and thirteenth assignments of error which the plaintiffs requested the court to submit. The plaintiffs alleged that the defendants represented that "a well would be drilled at once on the adjoining tracts," but the evidence of the plaintiffs themselves, as we interpret it, is to the effect only that Allen represented that he had made a fifty-fifty contract for drilling on one of the adjoining tracts, and could and would make a like contract on the other; and the evidence seems to be without dispute that he in fact had made the contract, as alleged, and soon thereafter made the other as he contemplated. The fact that such contracts were later abandoned by the drillers, because the surrounding territory had proven to be unproductive, cannot be material.

Other requested instructions do not appear to be material, and we accordingly conclude that all assignments of error not presenting the question first discussed are overruled. But for the reasons assigned in the beginning, the judgment below is reversed, and the cause remanded.