### CARROLL v. McCARTHY.

### No. 3839.

Court of Civil Appeals of Texas. El Paso.

May 18, 1939.

A. A. Garrett, of Tyler, for appellant.

Dorbandt & Dorbandt, of Tyler, for appellee.

NEALON, Chief Justice.

The parties will be designated as they were in the District Court, in which appellee was plaintiff and appellant defendant.

Plaintiff filed this suit to recover $344.37, the alleged value of materials sold to J. H. Boucher for the purpose of being used, and which were used, in the drilling of an oil well on an oil and gas lease owned by B. F. Carroll, and to foreclose a mechanic's lien against said lease. Plaintiff alleged that said materials were reasonably worth the amount sued for and that J. H. Boucher agreed to pay that amount; that plaintiff did all things necessary to acquire a lien upon said oil and gas lease, stating them; that for a consideration B. F. Carroll assumed the payment of this debt, and that without releasing Boucher, plaintiff accepted the assumption.

The case was tried to the Court. Findings of fact and conclusions of law were neither requested nor filed.

Judgment was rendered in favor of appellee against defendants Boucher and Carroll for the sum of $486.14 and establishing a lien against the leasehold estate involved and decreeing the foreclosure of the same.

Carroll appealed.

### Opinion.

Appellant filed no assignment of error, but states in his brief that he "relies upon fundamental errors of the lower Court in his appeal."

Appellant's contentions may be briefly stated in a single sentence: That the District Court did not have jurisdiction to render judgment in a suit for less than $500, though the debt was secured by a lien upon a mineral leasehold estate, nor did plaintiff have the right to recover for said debt and for foreclosure in the same judgment.

The contentions are not sound. The suit is for the enforcement of a lien upon a mineral leasehold estate, which is an estate in land.

Article 5, Section 8, of the Constitution, Vernon's Ann.St., and Article 1906, R.C.S., confer upon the District Court exclusive original jurisdiction of

suits for the enforcement of liens upon lands. That the debt declared upon is less than $500 does not deprive the Court of jurisdiction to render judgment. Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 881.

Judgment is affirmed.