**MILBURN v. ATHANS.**

No. 14717.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 19, 1945.

Rehearing Denied Nov. 16, 1945.

Fred Dudley, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellee.

SPEER, Justice.

James Athans, as plaintiff, instituted this suit against J. E. Milburn, as defendant, seeking judgment for principal, interest and attorneys' fees on a plain promissory note in the principal sum of $104.00, giving the date of the note, its maturity, rate of interest, and provisions for 10% attorney's fee. He alleged the execution of the note by defendant and at the same time the execution and delivery of the chattel mortgage on a described 1942 Pontiac sedan of the alleged reasonable market value of $1,000. Plaintiff sought judgment for his debt and foreclosure of the lien against the automobile.

As we construe defendant Milburn's answer, it is one of payment of the debt sued on, and by reason of the payment thereof, a discharge of the chattel mortgage lien. The substance of the answer in pleading payment and discharge of the debt and lien is that on about March 31, 1942, he made and executed a note for $104 to the Morris Plan Bank due and payable in 90 days from date; that plaintiff Athans signed defendant's note at said bank as surety and that for the purpose of indemnifying plaintiff, the defendant made and executed the note and mortgage sued on, and they were accepted by plaintiff for said purpose of indemnification. That thereafter defendant paid the bank note, and that upon payment by defendant to the bank of said obligation upon which plaintiff was surety "the consideration for the note and mortgage herein sued upon was fully performed, the obligation discharged, and the mortgage lien likewise discharged as a matter of law without necessity of formal executed release thereof." Defendant further alleged that on June 16, 1943, he paid to plaintiff $215.00 in full satisfaction of all sums of money owing by him to plaintiff who accepted same in full satisfaction of all moneys owing to him by defendant. He specially denied that he was indebted to plaintiff in any sum when the suit was instituted and that plaintiff had no valid lien on the automobile.

The case was tried to a jury on two special issues. In response to the issues submitted, the jury found under special issue No. 1 that the note for $104.00 sued on was not executed and delivered by defendant Milburn to plaintiff Athans for the purpose of indemnifying Athans against loss on the $104 note executed and delivered by Milburn to the Morris Plan Bank, on which Athans was surety, and under special issue 2 the jury found that the note sued on had not been paid and discharged by defendant Milburn. Judgment was entered for plaintiff for principal, interest, and attorneys' fees on the note and a foreclosure of the chattel mortgage lien on the automobile. Motion for new trial was overruled, exception taken, and appeal perfected by Milburn.

We shall refer to Milburn as appellant and Athans as appellee. Appellant relies upon three points of assigned error. Points 1 and 2 are closely related and we shall discuss them together. They are, in substance: (1) The existence of the mortgage lien and the value of the automobile were essential to the jurisdiction of the district court trying this case, and in the absence of a jury finding thereon the court was without jurisdictional power to foreclose

the mortgage lien upon an assumed finding by the court. (2) The existence of the lien and the value of the automobile being essential to give the district court jurisdiction in this case, and the court being without jurisdictional power to adjudicate a foreclosure of the lien and the amount of the debt, being below the jurisdiction of the court, trial court should have entered a judgment dismissing the case without prejudice.

If we properly understand the two points referred to and the nature of the arguments made by counsel thereunder, his contentions are (a) that since there was no jury finding there was in fact a chattel mortgage lien on the automobile and no finding as to the value thereof, the court could not enter a judgment of foreclosure on the automobile even though the jury had found the note was not given to indemnify appellee against liability as surety on the note at the bank and that the note had not been paid and discharged; and (b) that under the assumption of the soundness of the proposition made in point 1 and the amount of money owing on the note being less than the minimum jurisdiction of the district court, that court had no jurisdiction of the case except to dismiss it without prejudice.

■ We find ourselves unable to agree with either of these contentions. It has long been the recognized rule in this state that "Jurisdiction insofar as matter or amount in value in controversy is concerned, is determined by the petition, and that question is concluded by the averments insofar as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff in framing his petition has sought to give jurisdiction where it does not properly belong." 11 T. J. 739, Sec. 26. The text from which the foregoing quotation is taken further indicates that if the defendant seeks to challenge the good faith of plaintiff's pleadings as to jurisdiction, it must be raised by a plea in abatement or some similar pleading, timely filed, placing the good faith allegations of plaintiff in issue.

It has been held many times that a trial court having once acquired jurisdiction in virtue of the allegations of plaintiff's petition wherein judgment was sought on an obligation less in amount than the minimum jurisdiction of the district court and a foreclosure of lien on land, the district court acquired jurisdiction and retained it even though it subsequently developed upon the trial that there was in fact no lien on the land. Some such cases are Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 881; Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762; Earl v. Baker, Tex.Civ.App., 184 S.W. 297. Appellant in his brief recognizes the correctness of the principle last above announced and cites the additional authority of Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129, wherein the rule is restated. That was a case in the county court where the amount sued for was within the jurisdiction of a county court and a foreclosure of a chattel mortgage lien was sought against personal property. It was held that to show jurisdiction of the county court in such cases the petition must allege the value of the property against which a foreclosure of the lien is sought so that the court could determine its jurisdiction. No allegation of the value of the property was shown, and for that reason, the court was without jurisdiction.

Appellant argues that the judgment in this case is void to the extent that the foreclosed chattel mortgage lien was unauthorized by the verdict of the jury; that there was no question submitted to the jury as to whether or not there was a chattel mortgage lien nor was any inquiry made as to the value of the automobile. In support of his contention that the court could not decree the foreclosure of the lien not found by a jury verdict to exist, he cites and relies upon such cases as May v. Taylor, 22 Tex. 348; Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 79, 881; and Tian v. Lloyd, 21 Tex.Civ.App. 433, 52 S.W. 982, writ refused. These cases indicate that trials were had on general charges and not on special issues, long prior to our present Rules of Texas Civil Procedure.

■ We believe that Rule 279, Texas Rules of Civil Procedure, was promulgated to fit the situation now confronting us. Without going into a lengthy discussion of the effect of the cited Rule, we note that the Supreme Court in the Ablowich-Bank case, supra, 95 Tex. 429, 67 S.W. 79, reversed and remanded it because the trial court entered judgment foreclosing the lien when there had been no jury finding thereon, just as contended should be done here; but on motion for rehearing (95 Tex. 429, 67 S.W. 881) the judgment remanding was modified and judgment was entered for the Bank, although there was no jury

finding on the mortgage lien. The opinion on rehearing effectively withdrew what had been said in the previous opinion, now relied upon by appellant. We do not consider that the first opinion is controlling here. The rule announced in May v. Taylor, 22 Tex. 348, was repudiated by the same court in Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 881. Tian v. Lloyd, 21 Tex.Civ.App. 433, 52 S.W. 982, supra, is not applicable here for the reason the amount sued for was less than the minimum jurisdiction of the district court, and it was held that the petition did not disclose a lien on land which plaintiff sought to foreclose.

We have already pointed out that in the instant case appellee sued on a note for an amount less than the jurisdiction of the district court and sought a foreclosure of a chattel mortgage lien on an automobile of the value of $1,000. The good faith of the alleged value of the car was in no way challenged by appellant. In his answer he admitted the execution of the note and mortgage, but alleged they were given to indemnify appellee against loss for having signed appellant's note to the bank; that the note to the bank had been paid and for that reason no liability of appellant to appellee any longer existed, but was fully paid and discharged. This is the only defense offered by appellant to the note and mortgage sued on, which appellant admitted in his pleadings, he signed. The testimony, made by the respective contentions, was just as conflicting as the parties could make it. The jury found that appellee's note sued on was not given to indemnify him against loss for having signed appellant's note at the bank and that it had not been paid. The jury findings were in accord with appellee's contention and against that of appellant. The verdict left appellee's contention of his liability on the note and mortgage confessed and admitted by appellant's answer. The note and mortgage were in evidence without contradiction, except as to purpose for which they were executed. The only contested and the controlling issues in this case were those submitted by the court, Rule 279, Texas Rules of Civil Procedure. They were found against appellant and the mortgage lien was only incidental to the debt and was without dispute in view of the jury verdict. The court having submitted the controlling issues, he was not required to submit those about which no issue was made. There were no objections made to the charge as presented and no request was made for submission of additional issues.

█ We hold that under the pleadings of appellee (plaintiff below) in the absence of a challenge by appellant of the good faith of the allegations that the automobile was of the value of $1,000, the district court acquired jurisdiction of the parties and the subject matter of this suit and properly retained it throughout the trial, irrespective of the amount of the money judgment sought, and in cases of this character, that the court's jurisdiction did not depend upon a jury finding that a lien existed nor a finding that the value of the car was within the jurisdiction of the district court.

Third point of error reads: "The verdict of the jury was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, the trial court erred as a matter of law in rendering the judgment there rendered."

Only appellee and appellant testified concerning their personal dealings with each other over a period of several months during which time appellee loaned appellant various small sums of money ranging from $2.50 to a disputed $100. The controversy between them was the particular $104 note and the mortgage sued on. Appellee said that all other loans had been repaid, but the one evidenced by the note sued on represented money loaned to appellant which had not been repaid. Appellant flatly denied that he owed appellee any amount whatever. This is about as strongly as either could testify in behalf of his contention.

█ In an apparent effort to establish that the debt was paid and the mortgage discharged as he had pleaded, appellant introduced as a witness a deputy county clerk in charge of the chattel mortgage records of the county. The witness exhibited from his records what he called a "release" of the chattel mortgage lien. He said in effect that appellee called at the office on December 19, 1944, and withdrew the mortgage leaving his receipt for it, which was filed in lieu of the instrument. That "receipt" bears a description of the mortgage and contains this language on its margin: "Released of record Decr. 19, 1944, Melvin (Mel) Faulk, County Clerk." On the reverse side appears this printed language: "To the County Clerk of Tarrant County, Texas: Dear Sir: Upon payment of proper fee, you are hereby

authorized to release the chattel mortgage described on the reverse side of this instrument, as all the purposes and conditions for which same was executed, have been complied with. (Signed) Jas. Athans." Appellee resumed the stand and testified that he did withdraw the mortgage from record under the belief that he must have it to enable the attorney to file suit on it. Suit was filed December 29, 1944. It is not contended by appellant that he had anything to do with the withdrawal of the mortgage from record nor that he knew about it at the time it was withdrawn. We do not attach any importance to the withdrawal nor to the memorandum placed on the "receipt" retained in the office of the county clerk. It may be doubted that the filing of the mortgage in the county clerk's office in the first place added anything to its validity. There being no innocent purchaser of the motor vehicle involved here, the lien was good between the parties and its registration added nothing to it. Commercial Credit Co. v. American Manufacturing Co., Tex.Civ.App., 155 S.W.2d 834, writ refused.

It is argued by appellant that the suit on the note and on the lien are independent actions—that they are severable, and that before appellee could recover a foreclosure of his alleged chattel mortgage lien he assumed the same burden of proof as he does in establishing his right to recover on the note. The contention is correct in part only. A party may, by words or conduct, waive a lien and rely alone upon a judgment for his debt, but not so with the mortgage; without a debt a mortgage lien is of no value. The lien is extinguished with the debt, whether it is ever formally released in writing or otherwise. 28 T. J. 25, Sec. 23. "A lien may be waived by express agreement, or by implication from acts inconsistent with its continued existence. But one will not be held to have intentionally waived a lien unless the intent be expressed or very plain and clear; the presumption is always against it." 28 Tex.Jur. 23, Sec. 19.

The positive testimony of appellee that the note and mortgage sued on were not given to him by appellant to indemnify him against loss because of having signed the note at the bank, and that the note had not been paid, and the equally positive testimony of appellant that the note and mortgage were executed to indemnify appellee for having signed the bank note and that because of the payment by appellant of the bank note, the obligation to appellee along with the mortgage lien, were paid and discharged, created a fact issue for jury determination; appellee's contentions were sustained by the jury and those of appellant denied. Clearly, under the circumstances it cannot be said that the "verdict of the jury was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong," as contended by appellant. We need not cite authorities in support of a holding that when the credible testimony under the pleadings is conflicting a jury question is raised and that we may not set the verdict aside and substitute our own judgment in lieu thereof.

All points of error are overruled and the judgment of the trial court should be and it is hereby affirmed.