

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 25, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C - 298

Re: Whether the Comptroller
of Public Accounts is
Authorized to release
the State's Hotel Occu-
pancy tax lien when the
amount of the tax liabil-
ity claimed by the State
has been paid under the
protest statutes?

Dear Mr. Calvert:

You have requested our opinion on the following question:

> May the Comptroller of Public Accounts release
> the State's lien created through the provisions
> of Article 1.07, Title 122A, Taxation-General,
> Vernon's Civil Statutes upon payment of the
> Hotel Occupancy tax imposed by Chapter 23,
> Article 23.02, Title 122A, Taxation-General,
> Vernon's Civil Statutes, upon payment under
> the protest statutes, Article 7057b and
> Article 1.05 of said Title 122A, by the tax-
> payer of the delinquent taxes, penalties and
> interest claimed by the Comptroller to be due?

Article 1.07B, Taxation-General, Title 122A, provides in
part that:

> "....Satisfaction of any state tax lien may
> be shown by a receipt, acknowledgment or <u>release
> signed by a representative of the State agency
> that filed such lien, and acknowledged or proved
> for record as required for deeds.</u>"
> (Emphasis Added).

-1423-

Hon. Robert S. Calvert, page 2 (C - 298 )

Since the State Comptroller of Public Accounts is the State agency which filed the Hotel Occupancy tax lien, it is therefore the agency empowered to issue the release of said lien.

As we have ascertained that the State Comptroller has the power to issue the release of the tax lien, the question for determination now becomes under what conditions may the Hotel Occupancy tax lien be released?

In the cases of Milburn v. Athans, 190 SW 2nd 388 (Tex. Civ. App., 1945, error dism.), Kistler v. Latham, 255 SW 993 (Tex.Com.App.1923), Stephens v. Moodie, 30 SW 490 (Tex.Civ. App. 1895, error ref.), the courts held that a lien is discharged by a proper and sufficient payment of the debt or obligation which it secures. Thus, we must determine whether payment of taxes, penalties, and interest under protest will be sufficient to discharge the Hotel Occupancy tax obligation owed to the State of Texas.

The protest statutes, Article 7057b, Vernon's Civil Statutes, and Article 1.05, Taxation-General, Vernon's Civil Statutes, provide a statutory means whereby a taxpayer might contest any levy of tax or fee which he believes or contends is unlawful. The statutes provide that the taxpayer is required to pay such amount as the public official charged with the collection thereof may deem to be due to the State. Article 23.07, Title 122A, Taxation-General, Vernon's Civil Statutes, which provides penalties for being delinquent in reporting and paying the Hotel Occupancy tax states:

"If any person shall fail to file a report as required herein or shall fail to pay to the Comptroller the tax as imposed herein when said report or payment is due, he shall forfeit five per cent (5%) of the amount due as a penalty, and after the first thirty (30) days he shall forfeit an additional five per cent (5%) of such tax. Provided, however, that the penalty shall never be less than One Dollar ($1). Delinquent taxes shall draw interest at the rate of six per cent (6%) per annum beginning sixty (60) days from the date due."

The civil penalties, imposed by this article and due when payment is made, are also to be included before a payment under protest is a sufficient payment to authorize a release of the State's lien.

Hon. Robert S. Calvert, page 3 (C - 298 )


We believe that by payment under protest of the entire amount of the taxes, penalties and interest imposed by Articles 23.02 and 23.07, and claimed by the Comptroller, the debt or obligation due the State is discharged for the purpose of obtaining a release from the Hotel Occupancy tax lien.

A case which is quite similar in regard to the sufficiency of the payment of the tax money into a repository which the taxpayer does not control is State v. Hoffman, 109 Tex.133, 201 SW 653 (1918). Under a fact situation which is analogous to the one which we presently have here, the Supreme Court upheld the lower court's ruling that payment into the registry of a court will suffice to extinguish the State's lien. In that case, the tax assessor-collector refused to accept the tender of taxes because penalties were not included. After the State instituted suit for the taxes, penalties and interest, the monies sued for were paid into the registry of the Court. The Court of Civil Appeals in the same case held that,

"The lien was extinguished by the tender, made good by the payment into the registry of the court...." 190 SW 1163 (1916)

The Supreme Court stated,

"With this true (tender maintained through the payment of money into registry of the court), the lien upon the property for the taxes stood discharged, and the court properly refused to foreclose it." (at page 654)

We conclude that payment of the tax under protest, penalties and interest, as required by the statutes and demanded by the State Comptroller of Public Accounts, is sufficient discharge of the Hotel Occupancy tax obligation to warrant the release of the State's tax lien. Your question is therefore answered in the affirmative.

## S U M M A R Y

The Comptroller of Public Accounts is authorized to release the State's tax lien created through the provisions of Article 1.07, Title 122A, Taxation-General, when the full amount of the Hotel Occupancy tax, penalties and interest demanded by the Comptroller is paid to the State pursuant to the protest statutes.

Yours very truly

WAGGONER CARR
Attorney General

By ~~Harry Gee, Jr.~~
Harry Gee, Jr.
Assistant

HG:wh

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Bill Allen
Linward Shivers
Malcolm Quick
Joe Long

APPROVED FOR THE ATTORNEY GENERAL

By: Stanton Stone